No. 20,681.

HORTENSE PATTERSON, *Appellee*, v. THE UNCLE SAM OIL COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

JUDGMENT—*Rendered in Absence of Counsel—New Trial Ordered.* On the facts stated in the opinion, *held*, that the trial court erred in overruling the motion to set aside a judgment rendered in the absence of defendant's attorney, and in denying a new trial, although the absence of defendant's attorney at the time of the trial was occasioned by his negligence.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed June 9, 1917. Reversed.

*Redmond S. Brennan, Albert L. Wilson,* and *Mark T. Wilson,* all of Kansas City, Mo., for the appellant.

*John W. Adams, George W. Adams, H. T. Dedrick,* and *W. M. Dedrick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the only question to be determined is whether the action of the trial court in refusing to set aside a judgment rendered against the defendant on default was under the circumstances reversible error.

Hortense Patterson, on the 24th of April, 1915, sued the Uncle Sam Oil Company in the district court of Sedgwick county to recover damages alleged to have been sustained through the explosion of kerosene oil in a lamp. The petition alleged that defendant is a corporation with an established place of business in the city of Wichita; that it had been engaged in the wholesale and retail oil business there and kept large quantities of coal oil and gasoline in storage tanks; that its agents and servants mixed and mingled a large quantity of gasoline with a large quantity of coal oil; that defendant, being fully aware that the fluids had been so mixed and mingled, and that the mixture would be used in lamps for illumination, and the merchants and storekeepers would sell it for that purpose, and with full knowledge of the dangerous condition and character of the mixture, sold large quantities thereof to a retail grocer in the city of Wichita, who in turn sold a two-gallon can thereof to the plaintiff for a high grade of coal oil. The petition then alleges the explosion of some of this oil in a lamp at the plaintiff's residence by which she received the injuries complained of. The petition concluded with a prayer for $3000 damages and costs. It appears, also, that her husband brought suit about the same time against the defendant to recover damages for the loss of services of his wife occasioned by the same accident. The answer contained a general denial, to which a reply was filed.

On the 9th of November, 1915, the case came regularly on for trial, notice thereof having been posted in the court room. The counsel then appearing for the defendant had his office in Kansas City, Mo. In his absence the case was called for trial and judgment rendered against the defendant for the sum of $2000 and costs. On the next day the attorney for the defendant, who had prepared the answer and had expected to

try the case, learned of the fact of the judgment and within three days of the time the judgment was rendered filed a motion for a new trial on all the statutory grounds, among others, "unavoidable casualty and misfortune preventing the defendant from defending the cause."

The motion was supported by the affidavit of the attorney reciting the facts as to his want of notice, and stating that he had recently been attorney in a case pending in the same court in which one Jackson sued the defendant, and he had been informed by the clerk of the assignment of the case for trial in sufficient time to enable him to appear; that upon his representation that he had another case set for trial in Oklahoma on the same date the judge of the court had courteously postponed the trial of the Jackson case to a later date in order to accommodate him. He alleged that in the present instance he relied upon the custom of the court and of the clerk, and expected to be notified of the assignment of this cause in sufficient time to enable him to appear, and that if he had been notified by telegraph or telephone he would have appeared within a few hours after such notice. He further alleged that the plaintiff's attorneys knew his address, had been in correspondence with him, and had offered to settle this case together with the action brought by plaintiff's husband for $1000, and that knowing his address had failed to give him any notice or opportunity to appear and defend. The affidavit stated that the defendant has a valid defense to the cause of action and was at all times ready to try the case when notified.

It appears from the record that the stenographer was not asked to take any notes of the evidence, and that the case was tried without a jury, and on a very slight showing on the part of the plaintiff. Whether there was any evidence at all to show that the defendant had at any time sold a mixture of coal oil and gasoline as alleged in the petition does not appear from the record.

Affidavits were filed contesting defendant's right to a new trial and showing that no general custom or rule obtained in the district court of Sedgwick county requiring notice of the assignment of cases for trial to be given to nonresident counsel. The motion for a new trial was filed within three days after the rendition of the judgment. At the hearing of the motion

Patterson v. Oil Co.

the judge stated that it cost the county $75 a day to keep a jury, and further that he believed he had saved the defendant $1000, inasmuch as he rendered judgment for only $2000, although the sum prayed for as damages was $3000. It appears that the defendant then offered to pay into court $75 to reimburse the county and to pay any costs imposed by the court if a new trial were ordered.

It is very clear that the attorney then representing the defendant was negligent in not having some arrangement through local counsel or with the judge or the clerk by which he would be notified when the case would be set for trial. Ordinarily the negligence and failure of an attorney to look after a cause will be imputed to the party who employs him. On the other hand, it is very clear to our minds that a great injustice has been done the defendant. If this were an action upon a promissory note to which the defendant had no substantial defense or had set up some mere technical defense, the facts might warrant the strict enforcement of court rules. However meritorious the plaintiff's claim in this case may be, and upon that we express no opinion, the action is one of a class wherein charges are frequently trumped up and relied upon as a basis to recover damages. Of course no reasonable person believes that a reputable business concern like the defendant is guilty of all the things charged in the petition; that it knowingly mixed and mingled kerosene and gasoline and wantonly put it on the market to be sold and used for kerosene, as is repeatedly alleged in the petition. If a similar action had been brought against a business concern located at Wichita, represented by resident counsel, it is conceivable that the same situation might arise. In such a case, if it were shown that defendant's attorney had been caught unawares and was unavoidably absent when the case was called, that defendant had a meritorious defense, it would seem harsh and unjust to deprive the defendant of a right to a trial on the merits although his attorney was wholly at fault. It is not even suggested that the fact that defendant is a foreign corporation, represented by counsel living in another state, furnishes any ground for a different rule.

Defendant's counsel should have taken measures, either by the employment of a local attorney to keep informed when the

case would be reached for trial, or have made some other arrangements with officers of the court to that effect. It is necessary that the courts should adopt rules for the dispatch of business, and it rests in the sound judicial discretion of the trial judge when to enforce those rules with strictness and when to waive them in the interest of justice; but it should always be borne in mind that courts are established in the first place to do justice, and not merely to enforce rules of practice and procedure. The terms of court in Sedgwick county, except in the summer months, are close together. A continuance of the case, if it could not have been tried again at the same term, need not have occasioned very great delay; and as against the slight inconvenience to the plaintiff by a continuance, there should have been taken into consideration the great injustice to the defendant from the refusal of another trial. We think that in exercising its discretion the trial court failed to give sufficient weight and consideration to the rights of defendant and the requirements of justice, and, therefore, that a new trial should have been ordered.

The judgment is reversed and the cause remanded with directions to grant a new trial upon terms to be imposed by the court.