No. 20,409.

L. C. SMITH, doing business as T. G. SMITH & SON, V. C. E. EASTER et al., *Appellees,* and F. H. WOODBURY, *Appellant.*

OPINION ON REHEARING. '

SYLLABUS BY THE COURT.

1. BUILDING CONTRACT—*Indemnity Bond—Real Party Contracting.* C. E. Easter contracted under the name of C. E. Easter & Co. to build a residence for F. H. Woodbury, and gave bond signed by C. E. Easter & Co., C. E. Easter, R. H. Agard, and The United States Fidelity & Guaranty Company. *Held,* that the bond was the bond of C. E. Easter.

2. SAME—*Indemnity Bond—Surety's Name Not Recited in Bond—Liability of Such Surety.* In the bond described in the first paragraph of this syllabus, C. E. Easter & Co. was named as principal and The United States Fidelity & Guaranty Company as surety. The name of R. H. Agard was not recited in the bond. *Held,* that R. H. Agard was a surety on the bond.

3. APPEAL—*Cause Reversed with Directions to Trial Court.* Under the circumstances disclosed in the opinion, and to prevent an injustice being done, the judgment of the trial court is reversed, and that court is directed to ascertain certain facts and to render judgment accordingly.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion on rehearing filed July 7, 1917. Reversed. (Original opinion of affirmance filed March 10, 1917, but not reported.)

*A. K. Stavely,* of Lyndon, *R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the appellant.

*T. F. Garver,* and *Edwin A. Austin,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: An opinion reversing the judgment of the trial court in this action was delivered on March 10, 1917. A petition for rehearing was filed. That petition showed that the result reached by this court was based on a misapprehension of the facts disclosed by the evidence. For this reason the opinion was not published and a rehearing was granted.

A number of parties sought to foreclose mechanic's liens on property owned by F. H. Woodbury. R. H. Agard, one of the

defendants, obtained judgment against C. E. Easter for the sum of $863.77, which judgment was declared to be a lien on the premises of F. H. Woodbury. From that judgment Woodbury appeals.

C. E. Easter, under the name of C. E. Easter & Co., contracted with Woodbury to build a dwelling house on Woodbury's property for about $8000, and gave bond for $7250 with C. E. Easter & Co. named as principal and The United States Fidelity & Guaranty Company as surety, signed by C. E. Easter & Co., C. E. Easter, R. H. Agard, and The United States Fidelity & Guaranty Company. Neither the name C. E. Easter nor the name R. H. Agard appeared in the bond in any way, except in the signatures at the end thereof. The bond contained, among others, the following recitals:

"Whereas, said principal has entered into a certain written contract with the obligee, to construct at his own proper cost and expense, do all the work and furnish all the material for the proper construction and completion of a two story and basement frame residence on a farm owned by F. H. Woodbury, in Osage county. . . .

"Now, therefore, the condition[s] of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said principal, to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law."

Agard filed a cross-petition for the foreclosure of the mechanic's lien held by him. To this cross-petition Woodbury answered, and as a defense set up the bond signed by Agard, and alleged that $5700 had been paid on the contract and that claims and mechanic's liens had been filed amounting to $4077.51, among which was Agard's lien.

The allegations of Woodbury's answer were denied by Agard. The sum of $863.77, principal and interest, was due from Easter to Agard for materials furnished by Agard and put into the dwelling house, for which materials Agard filed his mechanic's lien.

1. Agard contends that he is not liable on the bond for any failure of C. E. Easter to perform the contract, for the reason that Agard was not surety for C. E. Easter, but was surety for C. E. Easter & Co. The evidence disclosed that C. E. Easter contracted under the name of C. E. Easter & Co.;

Smith v. Easter.

that there was no such company or corporation as C. E. Easter & Co.; and that C. E. Easter was the real party who contracted to build the residence for Woodbury and who gave the bond for the faithful performance of the contract. The purpose for which the bond was given was to secure the performance of the contract made by C. E. Easter under the name of C. E. Easter & Co. That purpose should not be defeated by the use of different names.

2. Agard contends that he is a stranger to the bond because his name does not appear in the body of the instrument, either as principal or as surety, and argues that for that reason he is not liable thereon. Why did Agard sign the bond? He did not sign as a witness. It does not appear that his name was accidentally placed thereon; that his signature was procured by fraud; nor that he signed the bond by mistake. Only one reason can be given for Agard's signing the bond, and that reason is that he intended to become liable as surety thereon. According to the great weight of authority, it was not necessary that Agard's name appear in the body of the bond. In section 8, page 51 of 4 R. C. L., the author says:

"It is not necessary, however, that the names of the obligors should appear in the body of the instrument. If the obligors, in witness of their obligation to perform certain covenants and conditions, have affixed their hands and seals to the bond, that is sufficient to bind them."

A number of cases are there cited which fully support the statement quoted. (See, also, 9 C. J., § 12, p. 11; 5 Cyc. 732; and Note, 6 L. R. A. 278.) Agard cites authorities which support his contentions. They are against the great weight of authority and their reasoning is not convincing.

3. The transcript of the evidence, certified to by the court stenographer, A. D. Justice, but without filing marks, discloses that C. E. Easter & Co. contracted with Woodbury to erect a power house for the sum of $300. The evidence introduced did not disclose the amount of money paid by Woodbury for building the dwelling house nor for building the power-house, nor how much of the material furnished by the mechanic's lien holders went into the construction of each of the buildings.

Copies of receipts for material and labor furnished by Easter in the construction of the dwelling house are set out in Wood-

bury's brief on rehearing. These receipts purport to be signed by C. E. Easter, and aggregate $5708. They were not introduced in evidence on the trial. The judgments on the claims for which mechanic's liens were filed amount to $4116.05, principal and interest, which, together with the amount for which Woodbury claims to hold receipts, exceeds the contract price for the dwelling house and the power house by more than $1500. Why the receipts were not introduced in evidence does not appear.

Woodbury in his brief on rehearing says:

"We go outside the record to say:

"That this case was tried by Mr. J. H. Stavely, as attorney for Woodbury at a time when Stavely was suffering from an illness which ended his life shortly thereafter and that fact together with the fact that no one really questioned but that Woodbury had paid $5700 upon the contract price of that house, and then held and had in the court room Easter's receipts therefor, probably caused Mr. Stavely to not introduce the receipts which show these payments in evidence and thus meet the technical burden raised by the general denial in Agard's answer. It will be appreciated that a general denial to the plea of payment could be overlooked when the real defense was that Agard was not liable on the bond because his name was not written in the body of the bond and because the bond referred to a contract with C. E. Easter & Co. and with C. E. Easter."

If Woodbury made these payments, and that fact had been shown in the evidence, the judgment in favor of Agard and against Easter should not have been declared a lien on the real property of Woodbury.

Under the express conditions of the bond, the contractor, at his expense, was to construct the house and to furnish all the labor and materials therefor. The bond was given to secure the performance of that contract. If the payments shown by the receipts were made and Agard is permitted to recover, directly or indirectly, against Woodbury, the object of the bond will be defeated, for the reason that the amount which Woodbury paid, together with the amount of the mechanic's liens filed, exceeds the contract price for both buildings by more than the amount of Agard's claim. A similar case is *Sanders v. Keller*, 18 Idaho, 590. There the court said:

"It is a well-established rule of law that the surety for a contractor on a building contract can not maintain his action for the foreclosure of a lien for materials furnished where the full contract price has been paid to the contractor." (p. 594.)

Smith v. Easter.

A number of authorities are cited by the supreme court of Idaho to support its conclusion, among which is 2 Brandt on Suretyship and Guaranty, 3d ed., § 754.

Under these circumstances, and to prevent an injustice being done, the judgment of the trial court is reversed and that court is directed to ascertain the amount paid by Woodbury on the dwelling house and the amount paid on the power house; and if it is found that the amounts so paid, together with the amounts of the mechanic's liens, without interest, exceed the contract price for the dwelling house and the cost of the power house by more than the amount of Agard's claim, the trial court is directed to deny Agard a lien on the property.

The costs of the trial and of the appeal are assessed against Woodbury.

MARSHALL, J. (dissenting) : The conclusion reached by this court is based on evidence which was not introduced on the trial. On the issues made by the pleadings and on the evidence introduced, judgment was rightly rendered declaring Agard's claim to be a lien on Woodbury's property. The evidence which Woodbury now submits to this court was in his possession and control at the time of the trial. No reason or excuse is given for his failure to introduce that evidence. The judgment of the trial court should not be reversed on evidence which was in the control of Woodbury, but which was not introduced by him.

JOHNSTON, C. J., and WEST, J., concur in the dissent.