No. 21,263.

FRED L. STEVENS, *Appellant*, v. A. E. VERMILLION, *Appellee*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Pleading—Omission of Indorsement on Copy of Note —Amendment of Petition*. In an action upon a promissory note, where it had been alleged that the note had been purchased and transferred to plaintiff in due course, but the copy of the note set forth in the petition failed to show a written indorsement of the note, and where upon the trial evidence was received, without objection, of a transfer of the note by a written indorsement before maturity, and the case was tried by the parties as if the plaintiff was a holder in due course, the court, on objection to the sufficiency of the petition at the close of the evidence, should have allowed plaintiff to amend his petition to conform to the proof.

Appeal from Morris district court; ROSWELL L. KING, judge.. Opinion filed February 9, 1918. Reversed.

*Edwin Anderson*, of Council Grove, and *Frans E. Lindquist*, of Kansas City, Mo., for the appellant; *Guy S. Calkins*, of Iowa City, Ia., of counsel.

*Malcolm B. Nicholson*, and *William J. Pirtle*, both of Council Grove, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a promissory note, which the plaintiff claimed he had acquired before maturity, in due course, for value, and without notice of any infirmity. The defendant admitted the execution of the note, but denied that plaintiff purchased the same before due or was the owner or holder thereof. He set up a transaction that he had with the original payee, which he says was illegal and fraudulent, and which resulted in a failure of consideration for the note. In the trial the plaintiff offered testimony tending to show that the note was duly indorsed and tranferred before it was due, and that the plaintiff was a holder in due course. The defendant offered testimony for the purpose of showing that the note was not transferred before it was due and was therefore open to defenses he had against the original payee, upon which evidence was produced. When the evidence

was closed the court, without motion or objection, suggested the insufficiency of the petition, saying that counsel had been laboring under a mistaken view as to the pleadings and that under the petition the plaintiff had obtained title by purchase and assignment and not by indorsement. Plaintiff then asked for leave to amend the petition to conform to the proof, but this was refused for the reason, as the court said, that "the defendant has consumed all this time making a defense under your pleading as it stands. If it had been plead they might have taken other testimony and appeared and cross-examined your witnesses," and a verdict against the plaintiff was directed.

Under the circumstances we think the amendment should have been allowed. It appears that the indorsement on the back of the note was omitted from the copy set out in the petition. In a former action on the note the indorsement was set forth, but this action was dismissed; and in the present one, begun five months later, a copy of the indorsement was not included in the petition, nor did the petition contain an express allegation that the note was transferred by indorsement. It is alleged that before maturity the payee of the note—

"sold, assigned and transferred said promissory note to the First National Bank of Iowa City, Iowa, and that said First National Bank of Iowa City, Iowa, purchased the said promissory note, *in due course* for value and without notice of any infirmities; that thereafter, the said First National Bank of Iowa City, Iowa, for value received, sold, assigned and transferred said promissory note to this plaintiff, who is now, and ever since the purchase thereof has been, the owner and *holder thereof, in due course.*"

In alleging that the note had been transferred in due course and that plaintiff had become the holder in due course it is manifest that the pleader attempted to allege a transfer by indorsement, and that the omission of the indorsement in the copy was an oversight. According to the negotiable instruments law a holder in due course takes the instrument on the conditions:

"(1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Gen. Stat. 1915, § 6579.)

In another section it is provided that—

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment or [of] the instrument for the full amount thereof against all parties liable thereon." (Gen. Stat. 1915, § 6584.)

By alleging that the note had been transferred in due course and that he was the holder of it in due course, plaintiff, in effect, alleged that it had been negotiated to him before it was due, and that he took it free from defenses that would have been available to defendant as against the original payee. The pleading, however, was inconsistent, inasmuch as the copy of the note showed that it was payable to order, and the act provides that—

"If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery." (Gen. Stat. 1915, § 6557.)

So, while there was a conflict in the averments of the petition relating to the negotiation of the instrument, there was a manifest attempt on the part of the pleader to allege a negotiation of the note that would make plaintiff a holder in due course.

The case was tried by the parties as if the note had been properly indorsed. Proof of the indorsement was offered without objection by the defendant. When the note itself was introduced showing the indorsement on the back bearing date prior to its maturity it was received without objection. No question of the insufficiency of the petition was raised when the proof was given of the indorsement of the note by the payee to the bank and by the bank to the plaintiff. Aside from the fact that the case was tried as if the note had been properly negotiated by indorsement, the evidence relating to the indorsement and transfer was in depositions, which were on file months before the trial, so that the defendant had notice that plaintiff was claiming to be a holder in due course.

While the amendment of a pleading after the trial has begun is largely a matter of discretion, the courts are, and should be, liberal in the allowance of amendments where there is a mistake or oversight and where no one will be prejudiced thereby and the parties have proceeded as if the proposed amendment was

included in the pleading.  In *Malone v. Jones,* 91 Kan. 815, 139 Pac. 387, it was said:

"Leave to amend a pleading during the trial is ordinarily a matter of discretion, but an amendment to conform to the proof should be allowed when a mistake appears and the amendment will not prejudice the adverse party.  The plaintiff would not have been taken by surprise if the amendment had been allowed, for he gave the testimony which made it proper." (p. 817.)

When testimony is offered on a matter inadvertently omitted from the pleading, courts ordinarily authorize amendment or treat the pleading as amended.  In the present case, if the issues had been submitted to a jury upon proof and a verdict obtained, and on appeal a question had been raised as to an omission of a copy of the indorsement from the petition, the court would necessarily have held that as the testimony had been received the same as if the fact had been fully pleaded, and as the case had been tried as if the question was in issue, the case would be treated as if the amendment had been made.  In a case where it was held that there had been an abuse of discretion in refusing to set aside a judgment rendered in the absence of an attorney who failed to reach the court in time for the trial and whose absence involved negligence, it was held that as the mistake of the attorney and the ruling of the court would result in a sacrifice of the rights of the defendant, the case should be reversed and a new trial ordered.  (*Patterson v. Oil Co.,* 101 Kan. 40, 165 Pac. 661.)  In another case, where an attorney neglected to offer in evidence certain receipts which he had in his possession and which would have shown without question that a payment had been made, the judgment was set aside in order to prevent an injustice.  (*Smith v. Easter,* 101 Kan. 245, 166 Pac. 510.)  So here, the rights of the plaintiff, who from the evidence appears to have been an innocent holder of the paper, would have been sacrificed through the inadvertence of his attorney, and, under the circumstances showing that the trial of the case had proceeded as if the indorsement of the note had been properly pleaded, and that the proof was received without objection, we think the court should have allowed the amendment of the petition in order to conform to the proof.

The judgment is therefore reversed and the cause remanded for a new trial.