Chamberlain Co. v. Bank.

No. 21,764.

THE CHAMBERLAIN METAL WEATHER-STRIP COMPANY, *Appellant*, v. THE BANK OF PLEASANTON, *Appellee*.

SYLLABUS BY THE COURT.

JURISDICTION—*Setting Aside Order Denying a New Trial—Granting a New Trial.* The district court has jurisdiction to set aside an order denying a motion for a new trial, and thereafter, at the same term of court, to grant a new trial; and the court is justified in so doing when it appears that, because of a mental breakdown, the attorney representing the party asking the new trial failed to notify him of the time that had been set for the trial and failed to properly present his side of the controversy.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed December 7, 1918. Affirmed.

*Charles F. Trinkle,* of La Cygne, for the appellant.
*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from an order granting a new trial. This is the second time this action has been in this court. (*Chamberlain Co. v. Bank,* 98 Kan. 611, 160 Pac. 1138.) The plaintiff commenced the action to recover from the defendant the amount named in a check on the defendant bank, signed by Mrs. S. J. Ellis, and made payable to the plaintiff. The check was delivered to Sprague T. Haskell and was indorsed and signed by him, and he received the money thereon. He had taken an order from Mrs. Ellis for metal weather-strips to be placed in the doors and windows of her residence. She gave the check to Haskell to pay for the installed strips. The plaintiff alleged that Haskell had no authority to cash the check or indorse the plaintiff's name thereon. The cause was tried and judgment was rendered in favor of the plaintiff on May 4, 1917, and within proper time thereafter a motion for a new trial was filed. That motion was not heard until the succeeding term of court, when it was denied on August 27, 1917. On September 25, 1917, the court, on the motion of the defendant, set aside the order of the court denying

the defendant's motion for a new trial, but did not then grant a new trial. On October 19, 1917, the defendant filed a petition in this action asking that the judgment against the defendant be vacated and that a new trial be granted. This petition of the defendant set out an answer to the plaintiff's petition. Both the motion to set aside the order denying the motion for a new trial and the defendant's answer to the plaintiff's petition alleged that James D. Snoddy, who was the defendant's attorney, had, on account of a mental breakdown, failed to notify the defendant of the time set for the trial of this action and had failed to properly present the defense on the trial; and that, for those reasons, judgment had been rendered against the defendant without its defense having been presented to the court. The motion for a new trial and the petition to set aside the judgment and grant a new trial were heard on November 2, 1917. The order of the court entered on that day recites, among other things:

"The court, being fully advised in the premises, finds the issues under the petition of the defendant to vacate the judgment herein rendered on May 4, 1917, and for an order granting a new trial herein to be with the defendant, and finds that the motion for a new trial heretofore filed herein by this defendant should be granted, and that the judgment herein rendered May 4, 1917, should be vacated and set aside.

"Be It, Therefore, Considered, Ordered and Adjudged, That the judgment herein rendered on May 4, 1917, in favor of this plaintiff and against this defendant, be and the same hereby is vacated and set aside and a new trial is granted herein; that the defendant shall pay the costs of this action to this date herein taxed at $————."

From that order the plaintiff appeals. The order setting aside the judgment denying the motion for a new trial and the order granting a new trial were made at the same term of court. The court had control of the judgment during that term and had jurisdiction to make both orders. (*Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176.) The reasons given in the application to set aside the order denying the motion for a new trial, and in the petition to vacate the judgment and grant a new trial, bring this cause within the rule declared in *Patterson v. Oil Co.,* 101 Kan. 40, 165 Pac. 661. Those reasons were sufficient to justify the district court in setting aside the judgment and in granting a new trial, and the judgment is therefore affirmed.