MARY N. SALMON, EXRX.

*v.*

LIBBY, McNEILL & LIBBY.

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

1. PLEADING—*when declaration defectively states a good cause of action.* A declaration alleging, in substance, that the defendant negligently manufactured mince meat so that the same became poisonous, and that the plaintiff's testator, when lawfully partaking of the same, was poisoned and died, and setting out a statute permitting a recovery for the death of a person caused by the wrongful act or omission of another, states a good cause of action, although it is defective in failing to specify the particular negligence.

2. LIMITATIONS—*plea of statute not good if original declaration states a good cause of action, though defectively.* If the original declaration states a good cause of action, although defectively, a plea of the Statute of Limitations to an amended declaration supplying the defects in the original declaration is not a good defense.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was an action on the case to recover damages for the death of the plaintiff's testator, caused, as it was alleged, from eating a piece of mince pie made from mince meat which was poisonous and destructive to human life, and which mince meat was prepared, put up in a package and sold to the trade by the defendant, and which in the due course of business passed through the hands of a wholesale dealer, a retail dealer and came into the hands of one Sarah E. Hoffman, in the State of Kansas, and was made by her into a pie, of which the plaintiff's testator there ate, and in consequence of which he died.

The original declaration contained three counts. A demurrer was sustained thereto, whereupon, and more than

two years after the cause of action accrued, an amended declaration was filed, to which a demurrer was also sustained. Afterwards a second amended declaration was filed, to which the general issue and two pleas, which averred the cause of action stated in the second amended declaration did not accrue within two years, were filed. Thereupon the general issue was withdrawn and the court overruled a demurrer to the pleas of the Statute of Limitations, and plaintiff having elected to stand by her demurrer, the case was dismissed at plaintiff's costs, which judgment was affirmed by the Appellate Court for the First District, and a writ of error has been sued out from this court to review the judgment of the Appellate Court.

The action was brought under a statute of the State of Kansas, which is set out in each count of the original declaration, and which permits a recovery by the personal representative of the deceased person, for the benefit of the widow and children, if any, or next of kin of such person, when his death has been caused by the wrongful act or omission of another. The original declaration counted upon the negligence of the defendant, and it is not alleged in either count of said declaration that the defendant knew the mince meat was poisonous when it prepared the same, or when it placed the same in packages, or when it put the same upon the market, nor is it alleged that said mince meat became poisonous from any specific negligent act of the defendant in preparing the same or in putting the same in said package,—that is, no such negligent act is particularly and definitely set out, and it is contended by defendant that as a consequence of the absence of these allegations no cause of action appeared.

MERRIAM & PHELPS, (J. W. MERRIAM, of counsel,) for plaintiff in error.

ALBERT H. & HENRY VEEDER, and LOUIS C. EHLE, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Each count of the original declaration charged, in substance, that the defendant negligently and improperly prepared and manufactured the mince meat in question; that as a result the same became unfit for food and became poisonous and destructive to human life when used as food, and that plaintiff's testator, lawfully partaking of the same, was poisoned and lost his life in consequence thereof.

The Kansas statute which is set out in each count permits a recovery where the death of any person has been caused by the wrongful act or omission of another.

We are disposed to think that each of the counts of the original declaration defectively stated a good cause of action. It is true that in neither count is the particular negligence, which it is claimed constituted an actionable wrong, described in apt words, but it is charged in general terms that the meat was poisonous as a consequence of its negligent and improper preparation by the defendant, and this averment, taken in connection with the Kansas statute set out in connection therewith, shows the existence of an actionable wrong, though when tested by demurrer the lack of particularity in the averments was fatal to each count.

The original declaration did not state a defective cause of action,—it stated defectively the good cause of action which is set out by the second amended *narr.* Therefore the demurrer to the pleas setting up the Statute of Limitations should have been sustained. *Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185, and cases there cited.

The judgments of the Appellate Court and superior court will be reversed, and the cause will be remanded to the latter court with directions to sustain the demurrer to the pleas of the Statute of Limitations, and for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*