Malone v. Jones.

---

No. 18,686.

J. D. MALONE, *Appellee,* v. HENRY D. JONES et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment to Conform to Proof Denied—Not Prejudicial Error.* An answer contained an admission that the plaintiff was employed by "the defendants," but the plaintiff testified that he was employed by only one of them, and there was no evidence to the contrary. The defendants asked leave to amend their answer to conform to the proof. The amendment should have been allowed, but in the situation disclosed by the evidence, the ruling was not prejudicial.

2. NEGLIGENCE—*Serving Tainted Meat to Boarder—Damages—Parties Liable.* A son living with his father and mother on his father's farm was carrying on the farming operations. He arranged with his parents to board his hands. The plain-

tiff was employed by him as a laborer for stipulated wages and board. The father purchased and the mother cooked and served meat, which when put upon the table was tainted and unwholesome. The evidence tended to show that the bad condition was apparent while the meat was cooking. The plaintiff became sick by partaking of it. Neither the father nor son knew that the meat was tainted until it was on the table. It is held that the son is liable for negligence in providing unwholesone food, and that the father and mother, having jointly undertaken to provide the board, are equally liable for negligently cooking and serving it.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed March 7, 1914. Affirmed.

*F. W. Mahin, I. M. Mahin,* both of Smith Center, and *W. E. Mahin,* of Osborne, for the appellants.

*E. S. Rice, W. S. Rice,* and *A. W. Relihan,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is to recover damages caused by eating tainted meat at the defendant's home.

The evidence shows that defendant Henry D. Jones was carrying on farming operations on a farm owned and occupied by his parents, with whom he lived. Needing help, Henry sent his father to the plaintiff, who was looking for work, to employ him. This was done. The plaintiff testified explicitly, and repeated the statement in substance, that David Jones employed him to work for Henry, who paid the wages. Defendants David H. Jones and wife boarded the hands for their son, Henry.

After the plaintiff commenced working at the farm, David Jones bought a piece of beef in town, which his wife afterwards cooked. While apparently wholesome when purchased, it was tainted when cooked. The plaintiff partook of it and became sick in consequence. This is the ground of his action. It was not shown that David Jones or Henry took any part in cooking or

serving the meat, or that they knew of its condition when prepared for the table. When Henry came to the table he found that the meat was tainted, and ordered it removed. The suit is against the father, mother, and son, jointly. It was alleged in the petition that the plaintiff was employed by the defendants. The answer admitted this, but the plaintiff testified that he was in the employment of Henry, and after he had rested his case, the defendants asked leave to amend the answer to conform to the proof, by alleging that Henry Jones alone was the employer. This was denied. Leave to amend a pleading during the trial is ordinarily a matter of discretion, but an amendment to conform to the proof should be allowed when a mistake appears and the amendment will not prejudice the adverse party. The plaintiff would not have been taken by surprise if the amendment had been allowed, for he gave the testimony which made it proper. It can not be claimed that he would have been prepared to prove the fact admitted, had the admission not been made, for such proof would contradict his own testimony.

Conceding that the amendment ought to have been allowed, it must be determined whether its disallowance was prejudicial. This requires an examination of the grounds upon which the liability of the several defendants rests. Henry Jones having agreed, in addition to the stipulated wages, to furnish board, was liable for the negligent discharge of that duty, although performed through his father and mother, in the circumstances shown. The arrangement for board, as testified to by David Jones, was:

"We all live at the same place, and when Henry has hands we board them at my table, and Henry pays for the hired girls. My wife has charge of the household affairs. The hands board at our table. Henry directs the hands that work for him. I don't direct the hands. I own the farm we live on. Henry makes his home there."

On the same subject Mrs. Jones testified:

"I furnished nothing for the board of the men. Henry pays for the board when he has hands there. He settles with us for the board."

It will be observed that the board was to be furnished at the family table, and Henry's liability is not different from what it would have been had he furnished it by the help of servants in the ordinary way.

The court instructed the jury that a verdict should not be rendered against any defendant who was not found to be an employer of the plaintiff. If this was a condition of liability, the proposed amendment was material. The relation of employer and employee, however, was not necessary to make any one whose negligence caused the injury liable for the consequences of his own wrong. While there was no contractual relation of employer and employee between David Jones and wife and the plaintiff, they were not relieved from the duty of exercising reasonable care in providing his food. Their liability springs from the wrong, and reaches to any person whom it might be reasonably foreseen would be injuriously affected by it.

This principle is elaborately considered in an opinion by Chancellor Pitney in *Tomlinson v. Armour & Co.*, 75 N. J. Law, 748, 70 Atl. 314, 19 L. R. A., n. s., 923. In that case the declaration charged the defendant, a meat packer, with having negligently and carelessly placed unfit and unwholesome meat in a can which in the course of its business was sold to a retail dealer of whom the plaintiff purchased it, and having partaken of it was made sick. On a demurrer the question was raised whether, in the absence of a *scienter*, any liability of Armour & Company appeared. The opinion discussed the question of implied warranty, and assuming that there was none, nevertheless held that the defendant was liable, because of the duty resting upon the manufacturer to exercise care that the contents of the cans which it put upon the market, to be sold for

food and for domestic use, were in fact food fit to be eaten.

The same principle applies here with equal force. David Jones and his wife provided and prepared food for those sitting at their table, and owed to them the duty, at least, to exercise reasonable care in this service, whether the persons for whom the food was intended were their employees or not.

It was not necessary to the liability of David Jones that he should actively participate in cooking or serving the meat. He was engaged jointly with his wife in furnishing the board, and is equally liable with her for negligent performance of the duty so undertaken. As liability does not depend on employment, it is immaterial whether the plaintiff was employed by Henry Jones alone or by all the defendants. It follows that the rejection of the proposed amendment was not prejudicial.

Objections were made to the instructions because they did not distinguish the particular ground upon which each defendant might be bound. The observations already made sufficiently answer these objections. As the jury found that the tainted meat was negligently cooked and served, each defendant was liable for the resulting injury in the circumstances shown. For the same reason there was no error in overruling the several demurrers to the plaintiff's evidence.

Rulings relating to testimony are complained of but no error affecting the substantial rights of the defendants is discovered.

While the instructions placed a greater burden on the plaintiff than the law required, the defendants have no just cause of complaint.

The judgment is affirmed.