528    FREEMAN *v.* SCHULTZ BREAD CO.

Municipal Court of City of New York, July, 1917. , [Vol. 100.

An order may be made requiring the board of parole of state prisons at their next meeting to pass upon the application of the relator for parole, and that relator be given an opportunity to appear before said board and be heard concerning his right to parole.

Ordered accordingly.

---

AARON FREEMAN, an Infant, by JACOB FREEMAN, His Guardian ad Litem, Plaintiff, *v.* SCHULTZ BREAD COMPANY, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Eighth District, July, 1917.)

Negligence — evidence — judgments.

> Proof that plaintiff, thirteen years of age, sustained the loss of two teeth by biting into a nail which was in a slice of bread cut from a whole loaf made by defendant, and sold to a dealer from whom it was purchased by plaintiff's sister, justifies an inference of negligence on defendant's part, and where he offers no evidence plaintiff will be granted judgment.

ACTION for negligence.

Bernard Fliashnick, for plaintiff.

William Butler, for. defendant.

MARKS, J.    The plaintiff, thirteen years of age, while starting to masticate a piece of bread which he had bitten from a slice cut from a whole loaf, bit into a nail which was in the loaf below the surface, and as a result lost two teeth. The loaf was made by the defendant and sold to a grocer. from whom it was purchased by the plaintiff's sister. It was also established that there were not any nails in the plaintiff's

home or at the grocer's store with which the loaf could have come into contact. The defendant offered no evidence, but rested at the close of the plaintiff's case, claiming that the plaintiff was bound to trace the manufacture of the loaf and show that the nail was put in or permitted to be in the loaf through some neglect of the defendant in the process of manufacture, which it should have known or could have discovered by inspection, and that the doctrine of *res ipsa loquitur* does not apply in this case.

In my opinion, after the plaintiff had established the facts stated above, the defendant might have shown care, and that nothing further could be reasonably required to be done than the manner in which it manufactured its bread, to assure the safety of the consumers of it, as against the presence of a nail of the kind which injured the plaintiff; but I believe that there was enough for me to find that the nail imbedded in the bread was in the bread when delivered to the grocer, for which defendant is liable. *Torgesen* v. *Schultz,* 192 N. Y. 156–161.

The risk of injury from the presence of a nail in bread manufactured by a large concern that supplies grocers with its product is not so remote that it can be said that a manufacturer need not take precaution to guard against such an occurrence. The case at bar is not the only one in which nails or other dangerous substances have been found in bread causing injury to consumers. Counsel for defendant alone has called attention to a number of cases in which plaintiffs, damaged by biting into nails in bread, have had their complaints against manufacturers dismissed at trial term; but my attention has not been directed to any reported case in this state involving the precise question.

I think it was the duty of the defendant to show,

34

when the plaintiff rested his case, what care it had used in the manufacture of the loaf, the process of manufacture, the care or appliances used in making it, the manner of sifting the flour and putting in the other ingredients that enter into the manufacture of bread, and keeping the dough clear of foreign injurious substances, such as nails from barrels or boxes from which the flour, yeast, or other ingredients used in making the bread may have been taken, until manufactured, so that the court could determine whether it had used that degree of care which would have exempted it from liability, if, notwithstanding that care shown in its manufacture, a nail did find its way into the loaf.

I am of the opinion that the lack of privity of contract between the plaintiff and the defendant will not stand in the way of a recovery by plaintiff, and that the defendant owed a duty of care to the purchaser, knowing the purpose for which its goods were manufactured, and the risk of injury to a purchaser or consumer, of the presence of foreign substances which are bound to cause an injury, such as nails or wood from barrels or boxes which might be permitted to come in contact with, or fall into, the flour while being made into dough.

In my opinion the defendant is liable, under the principle of the cases cited below, as the manufacturer of an article which it is reasonably certain will become dangerous, if negligently made, by permitting foreign substances to enter into its manufacture, and which danger could have been avoided by the exercise of care and inspection in its manufacture; and I believe this principle applies as well to the case of a manufactured article for use, which it is reasonably certain will place life and limb in danger if negligently made, as to an article manufactured to be eaten, regarding

which there is the same danger, if care and inspection in its manufacture are not exercised. *Thomas* v. *Winchester,* 6 N. Y. 397; *MacPherson* v. *Buick Motor Co.,* 217 id. 382.

The manufacturer of bread, it may be assumed, knows and recognizes that, when he puts his finished product upon the market, it is intended for sale to and use by the public as bread is ordinarily used, by biting off a piece to masticate, without first examining or testing it in the search for foreign substances which might injure the teeth or mouth while biting into a slice, or become dangerous to life if swallowed.

A loaf of bread of itself is not dangerous, but it may be assumed that a manufacturer knows it may become a source of danger to the consumer if care is not used in its manufacture and that unless he uses ordinary care and skill with regard to the manner of manufacturing it, and to keep it clear from dangerous foreign substances with which it is likely to come into contact in the factory, there will be injury to the person for whom the bread is intended, and therefore a duty arises on his part to the consumer to use that ordinary care and skill in its manufacture, for a neglect to perform which duty causing an injury an action for negligence can be maintained.

I am of the opinion that the same responsibility and liability that attaches to the manufacturer of an automobile or other article that may be intended for use and which becomes a source of danger in use if carelessly made, for improperly manufacturing and failing to inspect his manufactured goods, causing the same to become a source of danger, attaches to the manufacturer of an article intended for food, for permitting foreign substances to enter into its manufacture, who fails to show that care and supervision entered into its manufacture, so that foreign substances found therein,

and which become a source of danger, were, so far as ordinary care and skill could foresee, not his fault.

The defendant, having failed to meet the case established by the plaintiff, justifying the inference of negligence, must be held liable in the sum of $300, which sum I award plaintiff for the loss of his two teeth.

Judgment accordingly.