SMOLENSKI *v*. LIBBY, McNEILL & LIBBY.

1. FOOD—EXPLOSION OF CAN OF PLUM PUDDING—IMPLIED WARRANTY. In action against food canner for injuries sustained when can of plum pudding is alleged to have exploded as opening was attempted after it had been boiled for an hour in accordance with printed directions on label, pleading and evidence *held*, insufficient to present question of implied warranty for consideration of jury, where can was produced at trial and showed no sign of explosion.

2. PLEADING—NEGLIGENCE AND IMPLIED WARRANTY COUNTS IN SAME ACTION.
    Count based on alleged negligence of defendant in preparation of food for human consumption and count on implied warranty of freedom from foreign, poisonous or deleterious substances may be pleaded in same action.

3. FOOD—NEGLIGENCE—BREACH OF IMPLIED WARRANTY.
    Distinction between claim against food manufacturer in tort and one on implied warranty is ignored where proofs adequately show a foreign, injurious or poisonous substance in the food article.

4. NEGLIGENCE—KNOWLEDGE OF MANUFACTURER.
   Where no contractual relations exist between the manufacturer of an article of commerce, harmless in itself, and one who is injured thereby, there must be knowledge on the part of such manufacturer before he can be held liable.

5. FOOD—EXPLOSION OF CAN OF PLUM PUDDING—NEGLIGENCE.
   In action against food canner for injuries sustained when can of plum pudding is alleged to have exploded as opening was attempted after it had been boiled for an hour in accordance with printed directions on label, evidence *held*, insufficient to present question of negligence of canner to jury, where can was produced at trial and showed no sign of explosion, defendant's employee, called as an adverse witness, testified he had never known of a similar case in the many years defendant had manufactured the product and great care was taken in packing to kill all bacteria, no showing was made as to age of can or through whose hands it had passed since leaving canner, nor analysis made of the contents to prove existence of bacteria.

6. EVIDENCE—CONJECTURE.
   Juries may draw reasonable conclusions from the proofs but they may not arrive at their verdicts by processes of guess or conjecture.

Appeal from Wayne; Campbell (Allan), J. Submitted April 22, 1937. (Docket No. 68, Calendar No. 39,427.) Decided June 7, 1937.

Action by Elsa Smolenski against Libby, McNeill & Libby, a Maine corporation, for personal injuries sustained due to an alleged explosion of a can of plum pudding. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Stan. C. Pietraszewski,* for plaintiff.

*Oren, Sleeper & Krise* and *Harold A. Sleeper,* for defendant.

Butzel, J. Plaintiff claimed that on December 27, 1934, she bought from a market in Detroit a can of plum pudding, which was prepared, canned and marketed by defendant; that in accordance with the printed label upon the can, she boiled the closed can for an hour; that then she attempted to open it and after giving one twist on the top of the can with the key attached to its side, the contents of the can exploded in her face and covered the kitchen walls and ceiling; that she was severely injured; that the particles of plum pudding were embedded in her flesh and remained there for a few days before they could be removed; that she "suffered great aches and pains; * * * that she was prevented from performing her household duties; that she could not attend any social affairs, right at the holiday season."

Her brother, a physician, who was a supper guest at the time the alleged explosion took place, testified that when he heard it, it was not like an explosion, but was more like a hissing noise or sound. On January 22, 1935, less than a month after the alleged accident, he signed a report in which he answered "yes" to the question, "Was the recovery prompt?" and stated that his sister told him that she was opening the can when it burst and spattered over her.

The can was produced in court and showed that the top was smoothly cut off and there was a slight indentation on one side but no outward bulging. The physical evidence indicated that there was no "explosion" as alleged by plaintiff. Plaintiff claimed the top was removed sometime after the "explosion" occurred, but the top was not produced at the trial. The declaration sounded purely in tort. The trial judge, upon seeing the can, stated that he

could not see any sign of explosion, and thereupon plaintiff's attorney stated that it would be hard to · show any explosion by the can. The judge further stated that an action in tort would not lie. Plaintiff's attorney thereupon stated that he wanted to proceed with the case both on the theories of implied warranty and negligence and that he would rely upon the allegations in his declaration. He, however, made no motion to amend and without it, he was not entitled to go to the jury on the theory of breach of implied warranty. The judge directed a verdict for defendant.

Plaintiff relies largely upon the case of *Hertzler* v. *Manshum,* 228 Mich. 416, wherein, however, there were counts covering both negligence and implied warranty. The propriety of including both theories in separate counts in such cases was commented upon by this court in *Cheli* v. *Cudahy Brothers Co.,* 267 Mich. 690.

The case of *Hertzler* v. *Manshum, supra,* apparently nullified the distinction between a claim against the manufacturer in tort and one on implied warranty. The case arose out of the sale of flour which contained poison and it was stated in the opinion that it was a case of a foreign, poisonous substance in the flour and the opinion was confined to such a case. The rule of the *Hertzler Case* is justified when the proofs adequately show a foreign, injurious or poisonous substance in the food article. See *Jackson Coca Cola Bottling Co.* v. *Chapman,* 106 Miss. 864 (64 South. 791), where a dead mouse was found inside the bottle; *Freeman* v. *Schultz Bread Co.,* 100 Misc. 528 (163 N. Y. Supp. 396), where a nail was found in a loaf of bread.

In *Paull* v. *McBride,* 273 Mich. 661, involving the sale of contaminated kerosene which had been used in a kitchen stove and exploded, we denied liability

and refused to extend the rule set forth in *Hertzler* v. *Manshum, supra.* In cases other than where an injurious or poisonous matter was patent in the food product, we have declined to permit a third person to recover from the manufacturer on the warranty unless it is shown that the manufacturer knew, or should have known, of the existence of such deleterious matter. As was said in *O'Neill* v. *James* (syllabus), 138 Mich. 567 (68 L. R. A. 342, 5 Ann. Cas. 177, 110 Am. St. Rep. 321, 17 Am. Neg. Rep. 561), which involved the explosion of a bottle of champagne cider:

"Where no contractual relations exist between the seller of an article of commerce, harmless in itself, and one who is injured thereby, as in the case of a manufacturer of champagne cider and a bartender who is injured by an explosion of an overcharged bottle thereof, there must be knowledge on the part of the seller of the danger before he can be held liable."

Also, see, *Pickens* v. *Crowley, Milner & Co.*, 258 Mich. 102, and *Pesavento* v. *E. I. DuPont de Nemours & Co.*, 240 Mich. 434.

Plaintiff failed to show any negligence on the part of defendant. Defendant's employee, called as an adverse witness by plaintiff, testified that he had never known of a similar case in the many years defendant had manufactured the product and that great care and caution was taken in packing to kill all bacteria. There is no testimony to show how old the can was, or in whose hands it had passed since leaving the manufacturer. No attempt was made to make an analysis of the contents to prove the existence of bacteria. The can itself seemed to be in perfect shape and it was not even shown that plaintiff took the ordinary precaution of a prudent housewife to make a small opening in the can so as to

let out steam which may accumulate after a closed packed can has been boiling in water for an hour.

In *Glaser* v. *Seitz*, 35 Misc. 341 (71 N. Y. Supp. 942), where plaintiffs sought to recover for personal injuries claimed to have been sustained as the result of the explosion of a syphon of carbonated seltzer water prepared and bottled by defendant and purchased by plaintiff from a retail dealer, the court said:

"There is no evidence in this case that the bottle * * * was not properly constructed, or that it was constructed differently from bottles in which seltzer water is usually sold. Nor is there any evidence that the manner of putting the water in was different from the method in common use, or that the character of the liquid was different from that usually put into such bottles * * * bottles containing seltzer or vichy water or champagne or ginger-ale or cider will sometimes explode. * * * But it does not necessarily follow that the vendor of those commodities in such bottles or barrels is liable for the explosion, in the absence of misconduct on his part, which misconduct must be affirmatively proved. For want of such proof the case is dismissed."

In the instant case, we hold that there was insufficient testimony to take it out of the realm of conjecture. As we said in *Paull* v. *McBride, supra:*

"Juries may draw reasonable conclusions from the proof, but they may not arrive at their verdicts by processes of guess or conjecture."

The judgment is affirmed, with costs to defendant.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.