**CONNER v. GREAT ATLANTIC & PACIFIC TEA CO. et al. (two cases).**

**Nos. 9955, 9957.**

District Court, W. D. Missouri, W. D.
Jan. 3, 1939.

O. H. Swearingen and Robert L. Holder, both of Kansas City, Mo., for plaintiffs.

Mosman, Rogers, Bell & Buzard (by Clay C. Rogers), of Kansas City, Mo., for defendants.

COLLET, District Judge.

These cases were consolidated and tried without a jury. Maude Conner is the wife of George Conner, Myrtle is the wife of W. M. Conner. George Conner purchased two pieces of meat at approximately six o'clock on the evening of February 3, 1938. The meat was taken to the home of his brother, W. M. Conner, where it was prepared by Myrtle Conner. The four ate the evening meal together about 7:00 P. M. The men ate the round steak, the women the T-bone steak. Both women became ill soon thereafter and brought this action to recover damages therefor. The defendant is the retailer from whom the meat was purchased by George Conner. Requests for declarations of law to the effect that plaintiffs should not recover under the evidence were offered at the close of plaintiff's evidence and again at the close of all the evidence. Both were overruled. The cause is now pending on defendants' motion for a judgment notwithstanding the verdict or for a new trial.

The action is based upon an implied warranty that the meat was non-injurious. Plaintiffs disavow any intention to charge negligence, although the petition contains language to the contrary effect. The evidence shows no negligence. Therefore, if a recovery may stand it must be upon the theory that the implied warranty extends to the wife and sister-in-law of the purchaser George Conner. It was upon the latter theory that a recovery was allowed.

There can be no doubt that under the law of Missouri George Conner could recover from this defendant for injuries received by him. De Gouveia v. H. D. Lee Mercantile Co., 231 Mo.App. 447, 100 S.W. 2d 336. He might also be allowed a recovery against the manufacturer, in this case the packer. Nemela v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 104 S.W.2d 773; McNicholas v. Continental Baking Co., Mo.App., 112 S.W.2d 849. But George Conner was not injured and does not sue. Does the implied representation and warranty made by defendant to George Conner extend to the plaintiffs herein? That privity of contract is essential to the assertion of an implied warranty is well established by the above cases. The question as to whether a person for whose benefit food was purchased may enforce or rely upon the implied warranty made to the purchaser has not been determined by the Courts of Missouri. The general rule is that the implied warranty arising from the contract of purchase and sale of food between a retailer and a purchaser from the retailer, does not extend to third parties who are not parties to the contract. Colonna v. Rosedale Dairy Company, 166 Va. 314, 186 S.E. 94; Gearing v. Berkson, 223 Mass. 257, 111 N.E. 785, L.R.A.1916D, 1006; Roberts v. Anheuser Busch Brewing Ass'n, 211 Mass. 449, 98 N.E. 95; Bourcheix v. Willow Brook Dairy, 268 N.Y. 1, 196 N.E. 617, 98 A.L.R. 1492; Ryan v. Progressive Grocery Stores, Inc., 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339; Gimenez v. Great Atlantic & Pac. Tea Co., 264 N.Y. 390, 191 N.E. 27; 24 R.C.L. 158, Sec. 431. That the warranty does not even extend to the wife or other member of the family when the food was purchased by the head of the family is obvious from the cases cited above.

On first impression it would seem that a wife or other member of the family should be allowed a recovery if the husband and father, injured at the same time and in the same manner, was allowed to recover. The answer to the charge of the inequity of the rule lies in the fact that the application of

the doctrine of implied warranty in cases of this kind puts upon the retailer, who ordinarily cannot know of the imperfection and, in the case of canned goods, cannot make an inspection, a heavy burden, the enforcement of which must in many if not all cases bring about a harsh result. For that reason the courts have not recognized any "third party beneficiary rule", (Gimenez v. Great Atl. & Pac. Tea Co., supra, 191 N.E. loc. cit. 29) and will not extend the rule further than its literal application requires.

Many cases are cited by plaintiffs in support of their contention that a recovery may be had by them based upon an implied warranty although there was no privity of contract between them and defendant. The cases cited and numerous other authorities dealing with the same question may be divided into five general classes.

First, those cases holding that the ultimate consumer may recover in an action brought directly against the manufacturer, among which are the following: Freeman v. Schultz Bread Co., 100 Misc. 528, 163 N.Y.S. 396; Chysky v. Drake Bros. Co., 192 App.Div. 186, 182 N.Y.S. 459; Parks et al. v. C. C. Yost Pie Co., 93 Kan. 334, 144 P. 202, L.R.A.1915C, 179; Tomlinson v. Armour & Co., 75 N.J.L. 748, 70 A. 314, 19 L.R.A.,N.S., 923; Mazetti v. Armour & Co., 75 Wash. 622, 135 P. 633, 48 L.R.A.,N. S., 213, Ann.Cas.1915C, 140; Ward Baking Co. v. Trizzino, 27 Ohio App. 475, 161 N. E. 557; Rosenbusch v. Ambrosia Milk Corp., 181 App.Div. 97, 168 N.Y.S. 505; Watson v. Augusta Brewing Co., 124 Ga. 121, 52 S.E. 152, 1 L.R.A.,N.S., 1178, 110 Am.St.Rep. 157; Haley v. Swift & Co., 152 Wis. 570, 140 N.W. 292; Salmon v. Libby, 219 Ill. 421, 76 N.E. 573; Meshbesher v. Channellene Oil & Mfg. Co., 107 Minn. 104, 119 N.W. 428, 131 Am.St.Rep. 441; Blood Balm Co. v. Cooper, 83 Ga. 457, 10 S.E. 118, 5 L.R.A. 612, 20 Am.St.Rep. 324.

Second, those cases holding that the purchaser may recover from the retailer on an implied warranty, to which class belong the following: S. H. Kress & Co. v. Ferguson, Tex.Civ.App., 60 S.W.2d 817; Beyer v. Coca-Cola Bottling Co., Mo.App., 75 S.W.2d 642; De Gouveia v. H. D. Lee Merc. Co., 231 Mo.App. 447, 100 S.W.2d 336.

Third, cases holding that a purchaser may recover from the retailer or manufacturer, of which the case of Nemela v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 104 S.W.2d 773, is an example.

Fourth, those cases in which liability is predicated on negligence and a recovery had on that theory: Huset v. J. I. Case Threshing Machine Co., 8 Cir., 120 F. 865, 57 C.C.A. 237, 61 L.R.A. 303; Ketterer v. Armour & Co., D.C., 200 F. 322 and Id., 2 Cir., 247 F. 921, L.R.A.1918D, 798; Great A. & P. Tea Co. v. Eiseman, 259 Ky. 103, 81 S.W.2d 900.

Fifth, cases allowing a recovery by the consumer of food against those who actually furnish, prepare and serve food. See Malone v. Jones, 91 Kan. 815, 139 P. 387, L.R.A.1915A, 328.

With those cases allowing a recovery for negligence probably should be included the many cases which predicate liability upon the "presumption of negligence" theory, a number of which are cited in Quinn v. Swift & Co., D.C., 20 F.Supp. 234.

In none of the cases referred to is the rule announced or followed that a recovery may be had from a retailer by a stranger to the contract of sale.

Defendant requests leave to amend its motion for new trial to conform to the practice authorized by Rule 50 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Although the amendment is unnecessary by reason of Rule 59, the suggested amendment is a proper one and is allowed. The expense of another trial should be avoided when the facts are clear and undisputed and upon a proper application of the law cannot authorize a recovery.

For the reasons stated, judgment will be entered for defendant by appropriate order.