JACOB E. CONKLIN AND WILSON P. FOSS, PLAINTIFFS IN ERROR, v. R. P. & J. H. STAATS, A CORPORATION, DEFENDANT IN ERROR.

Argued March 13, 1904—Decided November 14, 1904.

One who is not a party to a contract cannot maintain an action of tort in respect of the breach of a duty arising solely out of the contract.

---

On error to the Supreme Court upon a judgment on verdict in a cause tried at the Hudson Circuit before Justice Dixon and a jury.

For the plaintiffs in error, *Walter L. McDermott.*

For the defendant in error, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

PITNEY, J. For a year or more prior to the month of January, 1902, the defendant corporation had been engaged in building new piers and wharves upon the Hudson river, at

Hoboken, for the North German Lloyd Steamship Company under employment by that company. In preparation for this work, and at different times during the progress of the work, the defendant removed a large number of old piles from the bottom of the river, and after their removal used a dredge or mud digger to remove the mud, so as to leave a depth of twenty-five feet of water at low tide. After this had been done, and in December, 1901, the plaintiffs shipped certain scow loads of stone to the defendant under a written contract made between the parties, by the terms of which the loaded scows were to remain at the docks through the winter months, so that the stone might be unloaded by defendant from time to time, as occasion required. One of the provisions of the contract was that the scows, while lying in the slip, should be solely at plaintiffs' risk, and they were to provide such men as might be needed to look after them. After the scows were received at the docks it became necessary for the defendant to have one of them removed to a different berth in order to make room for lighters bringing other building materials. Thereupon the defendant employed a tugboat to remove the scow in question from its original berth, and it was accordingly moored alongside another one of the several piers of the North German company. The evidence of the plaintiffs tended to show that the defendant corporation was practically in occupation of the several piers and wharves. After the scow had been shifted, the falling of the tide let it down upon an old submerged pile, the head of which, according to the evidence, was about ten feet below the surface of the water at low tide. When the scow struck the pile she was listed in such a manner as to lose her cargo. The pile likewise penetrated the bottom of the scow, causing serious damage to it.

The present action was brought to recover the damages thus sustained. At the trial the plaintiffs introduced evidence showing, or tending to show, the above state of facts, whereupon the learned trial justice, at the instance of the defendant, ordered a judgment of nonsuit. The assignments of error relate solely to the propriety of that ruling.

The evidence seems to have left it doubtful whether at the time of the occurrence in question the scow and its cargo had been delivered into the possession of the defendant or was still in charge of men employed by the plaintiffs. If the former were true, the plaintiffs' case would rest upon the law of bailment; if the latter, then upon the law of invitation. The difference is immaterial, for in either case the defendant would be under the duty of exercising reasonable care with respect to the place at which the scow was moored. We may concede the validity of two contentions made in behalf of the plaintiffs, viz., *first,* that the clause in the contract, declaring that the scows were to be solely at the plaintiffs' risk, is not to be construed as charging the plaintiffs with an assumption of the consequences of defendant's own negligence; and *secondly,* that although the tugboat captain was an independent contractor, defendant's absolution from liability for the consequences of negligence on his part would not apply to what occurred after the contractor's employment was terminated.

This brings us to the question whether there was evidence of negligence on the part of the defendant in selecting as a berth for the scow the place at which it was moored by the tugboat captain.

The case is devoid of evidence to show any notice to the defendant of the existence of the submerged pile. The place had been recently dredged in a manner to give reasonable assurance that it was clear of such obstructions. Counsel for the plaintiffs argues that the defendant's contract of employment under the North German Lloyd Steamship Company obligated the defendant to remove all old piles from the wharves. This does not clearly appear; but supposing that it did, the plaintiffs were not parties to that contract and cannot maintain an action of tort in respect to the breach of a duty that arose solely from its provisions. *Styles* v. *F. R. Long Co.,* 38 *Vroom* 413; 41 *Id.* 301, and cases therein cited. There was nothing in the situation that arose out of the contract to impose upon the defendant, independent of its pro-

774    COURT OF ERRORS AND APPEALS.

Natl. Newark Bkg. Co. v. D., L. & W. R. R. Co.  *70 N. J. L.*

visions, any general duty to the public, or any special duty to the plaintiffs, of such a character as to charge the defendant with responsibility for the existence of a submerged pile at the mooring place.

No circumstances appeared to show the defendant was wanting in ordinary care in selecting a berth for the scow, and so the trial justice correctly ordered a nonsuit.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 10.

*For reversal*—None.