ELLSWORTH DeGROAT ET AL., RESPONDENTS, v. WARD BAKING COMPANY, A CORPORATION, APPELLANT.

Submitted May 28, 1925—Decided October 19, 1925.

1. The presence of the brass base of an electric light bulb and broken pieces of glass in a baked loaf of bread so imbedded therein as to lead to the inference that it entered the dough in the mixing or other preparation justifies a finding of negligence in the baker. *Bahr* v. *Lombard Ayres Co.*, 53 *N. J. L.* 233.

2. The fact that such bread was marked in the loaf with the baker's name, that it was purchased by the retail dealer from the driver of the baker's wagon, together with the giving by such driver of a cash delivery slip with the baker's name thereon was evidence sufficient to justify a finding that the bread was a product of such baker. *Edgeworth* v. *Wood*, 58 *N. J. L.* 463; *Dennery* v. *Great Atlantic and Pacific Tea Co.*, 82 *Id.* 517.

3. A manufacturer of bread is under a duty to the consuming public to whom it is intended to be sold to exercise reasonable care to see that substances dangerous to health do not enter into its preparation and production. *Tomlinson* v. *Armour*, 75 *N. J. L.* 748.

On appeal from the Supreme Court.

For the appellant, *Marshall Van Winkle* and *Frank G. Turner.*

For the respondents, *Richard Doherty* and *Frank Guarini.*

The opinion of the court was delivered by

LLOYD, J.  In the present appeal the Ward Baking Company seeks the reversal of a judgment obtained against it as the result of a trial before Judge Cutler and a jury in the Hudson Circuit of the Supreme Court.  The action was predicated on a complaint charging the appellant with negligence in the preparation, manufacture and sale of bread by including with the proper ingredients deleterious and dangerous substances.

The proofs established that the Ward Baking Company was engaged in the manufacture of bread and in selling it to various retail stores whereby the product ultimately reached the consuming public.  Among the stores thus supplied was that of Scheltz & Dianas in Jersey City.  On July 26th, 1924, Ellsworth DeGroat, one of the plaintiffs in the action, purchased at this store a loaf of raisin bread in which the brass base of an electric light bulb and broken pieces of glass were subsequently found to be imbedded.  Eating the bread Mrs. DeGroat and her two children were made sick, and for the consequent illness suit was instituted against the baking company.

The grounds of appeal relied on in the appellant's brief are that the trial court erroneously refused to control the case by nonsuit or by directed verdict, and for alleged error in a portion of the charge.  In support of the claim that the case was for the court and not for the jury, the appellant contends, first, that there was not sufficient evidence that the loaf of bread was a Ward product.  We think the proof was ample.  The purchaser asked for Ward's raisin bread, he was given a raisin loaf marked "Ward's," as all of appellant's raisin bread was marked. and the seller bought the loaf from

and paid for it to the driver of the Ward delivery wagon on the morning in question, receiving a cash delivery slip with the Ward name. This certainly presented *prima facie* evidence that the bread came from the appellant company. *Edgeworth* v. *Wood,* 58 *N. J. L.* 463; *Dennery* v. *Great Atlantic and Pacific Tea Co.,* 82 *Id.* 517.

It is next claimed that there was no proof of negligence. It was shown that the socket portion of a Mazda electric light bulb similar to those of other bulbs in use in appellant's bakery, together with a number of small pieces of glass, were found upon examination to be imbedded in the bread. The history of the loaf from its delivery to the grocer to the time when it was eaten affords reasonable ground to believe that the bulb and glass did not enter the loaf in that period, and their position in the bread itself afforded full legal justification for the jury's conclusion that they were present as part of the process of mixing and baking, and not through accidental contact from the outside after manufacture. The presence of the foreign substances in the loaf, under the circumstances, was sufficient to raise an inference that they were there through the negligence of the appellant. *Bahr* v. *Lombard Ayres Co.,* 53 *N. J. L.* 233.

Fundamentally it is claimed that there was no duty owing from the baking company to the consuming public. This proposition of law we have definitely declined to adopt. In *Tomlinson* v. *Armour,* 75 *N. J. L.* 748, it was held that one situated as was the appellant in preparing food for public consumption is under a duty to those for whose use it is intended to exercise reasonable care to see that it is free from substances injurious to the human body. This duty has more recently been exacted of one who supplies water for drinking purposes (*Jones* v. *Mt. Holly Water Co.,* 87 *Id.* 106), and to the manufacturer of a farm tractor. *Heckel* v. *Ford Motor Co.,* 101 *N. J. L.* 385.

Again, it is said a nonsuit should have been awarded as to Ellsworth DeGroat and Emma DeGroat, his wife, because of contributory negligence. This question, we think, was one for the jury, to which body it was committed by the learned

trial judge. Such articles fortunately are not often found in food commodities so prepared, and in the instant case the evidence showed that the base of the bulb only protruded, and that from the bottom of the loaf; that the glass was hidden within the loaf and not observed by the grocer who made the sale, by Mr. DeGroat who bought it, or by his wife when she first cut into the bread in the afternoon of the day of purchase. It was only while cutting into the bread in the preparation of an evening meal that the gritting of the glass attracted attention. Upon this happening no more of the bread was eaten. Under such circumstances it would have been clearly error for the court to have declared the plaintiffs guilty of contributory negligence.

Respecting the portion of the charge in which the learned trial judge stated that actual notice or knowledge of the unwholesomeness of the bread was not an essential element to be proved in order to establish the defendant's liability, it is claimed that this statement assumed the defendant's responsibility for the presence of the dangerous substance. This criticism is not justified. The learned judge was not then dealing with the question of responsibility but with the element of *scienter* only, and could not have been misunderstood by the jury. The court had previously and with care submitted to the jury the question of responsibility for the presence of the foreign substances in the bread.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.