FLORENCE CARROLL, Respondent, *v.* NEW YORK PIE BAKING COMPANY, Appellant.

Second Department, January 22, 1926.

**Food.**— negligence — action for sickness caused when piece of pie baked by defendant containing dead cockroaches was served plaintiff — plaintiff may recover.

One who is served with a piece of pie in the crust of which there is imbedded several dead cockroaches, may recover damages where it appears that the sight of the dead cockroaches caused illness.

APPEAL by the defendant, New York Pie Baking Company, from an order and determination of the Appellate Term of the Supreme Court, Second Department, entered in the office of the clerk of the county of Kings on the 3d day of July, 1925, affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, First District, in favor of the plaintiff.

*Lawrence Wiseman,* for the appellant.

*Benjamin N. Brody,* for the respondent.

JAYCOX, J. The pleadings are not included in the record on appeal; however, it is recited in the statement at the beginning of the case that the action was based upon a claim of negligence.

The facts, briefly stated, are that while the plaintiff was eating a piece of pie cut from a pie made by the defendant she discovered that several cockroaches were imbedded in the bottom crust of the pie. They were crushed to such an extent that they are said to have resembled butterflies. The cockroaches were large. Two were about one inch in length and one was about half an inch long. The plaintiff was eating the pie when she discovered them. She became ill and this action is brought to recover the damages occasioned by that illness.

The case was properly submitted to the jury, and upon this appeal the defendant urges that under the doctrine of *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107) there is no basis upon which this judgment can be sustained. In the *Mitchell* case the plaintiff sought to recover for fright and the injuries resulting therefrom. In this case the recovery is not based upon fright. The plaintiff claims a physical injury. Her claim is that the defendant negli-

gently furnished her an article of food in such a repulsive condition that it nauseated her and made her ill. If she had eaten the foreign substance contained in the pie and had then become ill there could be no question but that she would have been entitled to recover. We may, I think, with equal certainty go a step farther. If the article of food, when cut, had emitted an offensive odor which nauseated the plaintiff, her right to recover in this action would have been clear. Can her cause of action be any less clear because the repulsive character of the food was comprehended by sight rather than by taste or smell? In that connection we may also consider that the dissemination of disagreeable odors has, in numerous instances, been held to constitute a nuisance. That nuisances arising from disagreeable sights are not equally common is, I think, because disagreeable sights can be readily screened from view, but disagreeable odors cannot be easily controlled.

The plaintiff in this case makes no claim that she was frightened. There is nothing about a cockroach, or several cockroaches, that would cause fright, especially when dead and crushed to such an extent that they resemble butterflies. The plaintiff's illness was not the result of fright, but resulted from the repulsive and nauseating character of the food sold by the defendant. Under these circumstances the jury was required to determine whether the illness of the plaintiff was the natural and proximate result of the defendant's negligence. In this connection we adopt, as stating the proper rule, the quotation made by the appellant from *Garrison* v. *Sun Printing & Pub. Assn.* (207 N. Y. 1): " The general rule in torts applied to such actions as those of negligence is that a wrongdoer is responsible for the natural and proximate consequences of his conduct, and what are such consequences must be generally left for the determination of the jury. (*Ehrgott* v. *Mayor, etc., of N. Y.,* 96 N. Y. 264, 282; *Milwaukee & St. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469.) The essential requirements in such cases are that the damages shall be directly traceable to the wrongful act and not the consequence of some intervening outside cause and that they shall be the natural result thereof."

Within the rule above quoted, this verdict seems to be well sustained by the facts. The order and determination of the Appellate Term should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Order and determination of the Appellate Term affirming a judgment of the Municipal Court unanimously affirmed, with costs.