ANNIE RUDOLPH, PLAINTIFF-RESPONDENT, v. COCA-COLA BOTTLING COMPANY, DEFENDANT-APPELLANT.

Argued October term, 1925—Decided March 18, 1926.

Negligence—Improper Food—Bottle of Coca-Cola Contained a Portion of a Suspender Strap—Bottle was Sealed When Purchased—Foreign Substance Not Noticed Until Part of Contents Had Been Consumed—Contributory Negligence Not Shown—No Error in Refusing Nonsuit on Account of Discrepancy in Corporate Name of Defendant.

On appeal from the Paterson District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-respondent, *Thomas J. Kennedy*.

For the defendant-appellant, *Frank G. Turner*.

PER CURIAM.

This action was tried in the Paterson District Court, without a jury, and judgment went for the plaintiff for $300.

The action was predicated upon defendant's negligence in negligently permitting to be placed in its beverage, in a bottle, a foreign substance, *i. e.*, a piece of suspender strap, which contaminated its product, and made the same so unwholesome and deleterious as to subject the plaintiff to sickness. The beverage was known as "Coca-Cola" and was sold to the retail trade for public consumption. The plaintiff, while drinking the fluid, noticed the illusive human appendage safely ensconced in the neck of the bottle, but too late to escape the contaminating effect of the super-charged mixture.

The first point is error in denying a nonsuit because of no proof of the negligence alleged. The evidence was that the plaintiff purchased the bottle of "Coca-Cola" in a retail store; that the storekeeper open the bottle for her, and that after drinking some of the contents through a straw, plaintiff

found a piece of leather strap (part of a suspender) floating therein; that she became sick to the point of vomiting, and on the following morning brought the bottle with the suspected suspender to her lawyer, who thereafter instituted suit. We think that this situation presented a jury question.

The second point urged is that the court refused to grant a nonsuit on the ground of plaintiff's contributory negligence. While it is true that the plaintiff might have discovered the suspender strap sooner, yet it was shown that the bottle was sealed when purchased; that the storekeeper who opened it failed to notice the strap; that the plaintiff used a straw in drinking the beverage, and that the leather and the beverage were of similar color. These facts, *per se,* were sufficient to justify a finding of no negligence in the plaintiff, and created a jury question.

The third point urged is that the court erred in refusing a nonsuit, on the ground that there was no proof that this peculiar decoction was furnished by the defendant. This contention left an inference that the storekeeper may have been the intermediary who injected it in the bottle, but the storekeeper testified that he told plaintiff: "You don't have to pay for that. I will have to call the attention of Coca-Cola Bottling Company to it." He also testified:

"Q. How do you buy that Coca-Cola?

"A. The branch was in Passaic. Usually we call them up, the driver comes and delivers so many cases and takes the empties.

"Q. The cases, how are they marked?

"A. Coca-Cola on the case and each bottle Coca-Cola.

"Q. You say you bought this from the driver?

"A. Yes.

"Q. Did the driver have a wagon or an automobile?

"A. A Coca-Cola truck.

"Q. You paid cash to the driver for it?

"A. Yes."

That situation manifestly presented a status practically identical with the case recently decided by the Court of Errors

and Appeals (*DeGroat* v. *Ward Baking Co.*, 3 *N. J. Adv. R.* 1580), where particles of an electric light bulb were found imbedded in a loaf of bread; the only perceptible difference being that bread was a necessary staple, while the beverage in question is a tempting luxury in the economic dispensation of everyday life. Whether, as defendant argues, the beverage did not cause the indigestion complained of, presented a question of fact and was properly submitted to the jury.

It is urged that the court erred in permitting the name of defendant (Coca-Cola Bottling Company) to be amended to read Coca-Cola Bottling Company of New York, Inc., the contention being that the latter corporation was not served with process and was not in court.

After denial of defendant's motion for a nonsuit, the counsel for the defendant stated that: "The defendant is not in court. There is no such a corporation sued here," and thereupon he proceeded with the defense.

Defendant's witness stated that his corporation was the Coca-Cola Bottling Company of New York, Inc.; that he never heard of Coca-Cola Bottling Company; that if such company existed, it did not market its product under the trade name of Coca-Cola; that the Coca-Cola Bottling Company of New York had a branch manufactory in Newark, and a distributing plant in Passaic; that one William Lamberton was in their employ in September, 1923. The record shows service of the summons on September 26th, 1923, upon William Lamberton, the manager of the defendant corporation (Coca-Cola Bottling Company). The defendant then continued with his defense, and presented his case, after plaintiff had moved to amend, which amendment was allowed.

The continuance of defendant's counsel in the case after the objection had been made constituted an estoppel or waiver of his right to present that question at this time, and in any event it seems manifest from the testimony that the defendant was in nowise injured by the formal amendment ordered. *Feinberg* v. *Stasilitis*, 98 *N. J. L.* 74; *McVoy* v. *Bauman*, 93 *N. J. Eq.* 638.

The result is that the judgment must be affirmed.