MARY McATEER AND JAMES McATEER, RESPONDENTS, v. SHEFFIELD FARMS COMPANY, INCORPORATED, A CORPORATION, APPELLANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Autenrieth, Gannon & Wortendyke.*

For the respondents, *Andrew J. Markey.*

PER CURIAM.

This action was against the Sheffield Farms Company, a dairy concern, to recover damages for illness of Mrs. McAteer, due, it is claimed, to the sale by defendant of milk unfit for use.

There was a verdict in her favor for $2,500 and in favor of her husband for $500. The defendant appeals and argues two questions, one that the court erred in denying a motion for nonsuit, and the other that it erred in its charge to the jury.

The motion for nonsuit was urged in the court below upon the ground that Mrs. McAteer was guilty of contributory negligence in drinking of the tea into which the milk had been placed. This is based on the fact that she drank half a cup of the milk, as she said, to find out what was the matter with it, her husband and son having complained that some-

thing was wrong with the tea that they had drunk and into which some of the milk had been poured. She said she drank the milk to ascertain if the trouble was with the milk.

Whether under these circumstances the plaintiff was guilty of contributory negligence was, we think, a question for the jury. It was hardly to be inferred from the complaints of the father and son that either the milk or the tea had injurious substances in them. Both were prepared, as articles of food and the tasting habit of housewives and cooks is too prevalent to justify a conclusion that as matter of law the drinking of a portion of a cup of milk thus supplied was a want of care which would preclude a recovery.

The charge complained of is that the judge told the jury that defendant's duty was to furnish its customers with pure and wholesome milk. This could by no possibility have misled the jury as to the defendant's liability. In immediate context with this portion of the charge the jury was told that the plaintiff could only recover by showing that the defendant was negligent in the supply of its milk and that this negligence was the proximate cause of her illness. In different forms the same instruction was repeated in other portions of the charge. We think the instruction was therefore not error.

The judgment is affirmed.