JOSEPH A. CARBONE, APPELLEE, v. CALIFORNIA PACK-
ING CORPORATION, APPELLANT.

Submitted October 13, 1933—Decided January 8, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Paul J. Duffy.*

For the appellee, *Joseph L. Freiman.*

PARKER, J. The suit is rested on a claim of negligence in putting up a can of peaches for human consumption, as in *Tomlinson* v. *Armour & Co.,* 75 *N. J. L.* 748; 70 *Atl. Rep.* 314. From the plaintiff's testimony it appeared that he had bought a sealed can of "Del Monte" peaches at a local grocery store, opened it and ate part of the contents, noticed a peculiar odor and taste, poured out the rest of the contents, and discovered a medicated finger bandage of gauze, strongly impregnated with some drug. That he became sick in consequence, and claimed damages. That he complained to defendant by letter, and received a reply, which was admitted in evidence apparently without objection, and which stated that the matter had been referred to the National Canners' Association, whose investigator would undoubtedly call. That an investigator did call and that the can and bandage had been shown to him. They were not produced in court, plaintiff explaining that he had mislaid them. He testified (apparently without objection or question) that the can and peaches were prepared and sold by the defendant. Both sides rested, and defendant asked for judgment on three

grounds: The appeal is based solely on the denial of that motion.

The second ground is properly considered first, viz., "that no proof had been offered that the defendant prepared or sold the can and contents in question."

As to this, it is sufficient to say that plaintiff specifically testified that defendant did that very thing. As his statement was in nowise challenged, we can only assume that he spoke with actual knowledge.

The first ground was "that no negligence on the part of defendant had been proved."

As to this, it suffices to cite *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188; 130 *Atl. Rep.* 540.

The third ground was "that plaintiff had generally failed in his burden of proving the material allegations contained in his demand."

If this means anything, it means that plaintiff had not sustained the burden of proof: which is something not considered on appeal except where there is no legal evidence to support the claim or some essential element thereof.

The judgment is affirmed.