Passaic District Court.

SAMUEL SLAVIN, PLAINTIFF, v. FRANCIS H. LEGGETT & COMPANY, DEFENDANT.

Decided June 16, 1934.

For the plaintiff, *Manuel Weiner.*

For the defendant, *Jerome Alper* (*Martin Klughaupt,* on the brief).

PERRETTI, J. This case was submitted upon a stipulation of facts and briefs:

The plaintiff, Samuel Slavin, purchased a can of green peas from the store of his son on May 5th, 1933, that the same (which was admitted into evidence) showed that it had been purchased by the storekeeper from the defendant, "Francis H. Leggett & Co.;" that the only name appearing on the said can was the name of the defendant "Francis H. Leggett & Company, Distributors;" that the label on the can had imprinted thereon, "Premier, the Guarantee of Quality;" that the plaintiff, while eating of the green peas from this can, suffered injury by reason of biting into a pebble of the general shape and size of a green pea.

The defendant, Francis H. Leggett & Company, moves for a direction of a verdict in its favor. The action was predicated on a state of demand charging the defendant with negligence.

One of the grounds relied on in the defendant's brief is, that where a duty arises solely out of a contract no one can

bring an action thereon for its breach unless he be a party to the contract, and to support his contention the defendant cites *Marvin Safe Co.* v. *Ward,* 46 *N. J. L.* 19; *Styles* v. *F. R. Long Co.,* 70 *Id.* 307; 57 *Atl. Rep.* 448, and *Conklin* v. *R. P. & H. H. Staals,* 70 *N. J. L.* 771; 59 *Atl. Rep.* 144. I agree with counsel for the defendant that this is so, as a general proposition, yet, I do not believe that such general rule is applicable to the case at bar.

Counsel for the defendant is in error in his contention that a consumer can only sue his immediate vendor with whom the contract of sale was consummated. *Tomlinson* v. *Armour & Co.,* 75 *N. J. L.* 748; 70 *Atl. Rep.* 314, holds that:

"In this state we have repeatedly held that where a duty arises solely out of a contract no one can bring an action for its breach unless he be a party to the contract or one for whose benefit it is made. *But in these cases liability was denied upon the ground that,* aside from the contract, *there was no duty incumbent upon the defendant.*"

"Canned goods are at the present day in such common use that we may judicially recognize that the contents are sealed up, not open to the inspection or test either of the *retailer or of the customer* until they are opened for use, and not then susceptible to practical test, except the test of eating. When the manufacturer puts the goods upon the market in this form for sale and consumption he in effect represents to each purchaser that the contents of the can are suited to the purpose for which it is sold, the same as if an express representation to that effect were imprinted upon a label. Under these circumstances the fundamental conditions upon which the common law doctrine of *caveat emptor* is based—that the buyer should 'look out for himself'—is conspicuously absent, for he has no opportunity to look out for himself. And when he thus buys and eats the contents of the package, relying upon the assurance of the manufacturer that they are fit to be eaten, it seems to us to result, from general and fundamental principles, that he has a right to insist that the manufacturer shall at least exercise care that they are so fit, and are not unwholesome and poisonous."

Numerous other cases are cited by counsel for the defendant in which recovery was allowed against the manufacturers of food on the theory of negligence these cases being: *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188; 130 *Atl. Rep.* 540; *Corin* v. *S. S. Kresge Co.,* 110 *N. J. L.* 378; 166 *Atl. Rep.* 231; *Sheehan* v. *Menkes,* 8 *N. J. Mis. R.* 867; 152 *Atl. Rep.* 326; *Rudolph* v. *Coco Cola Co.,* 4 *N. J. Mis. R.* 318; 132 *Atl. Rep.* 508, and *McAteer* v. *Sheffield Farms,* 9 *N. J. Mis. R.* 33; 152 *Atl. Rep.* 469.

The question that arises here is, whether or not a distributor of can products, when the product displays a label, which bears its trade name, and its name, but which label does not give the name of the actual packer, is liable for negligence for the deleterious quality of food resulting in damage by causing injury to health.

I am inclined to agree with the counsel for the plaintiff, that no case embodying the same set of facts has been decided in this state. However, as stated by plaintiff's counsel, the court of last resort of our sister state Connecticut, in *Burkhardt* v. *Armour & Co.,* reported in 161 *Atl. Rep.* 385, has rendered an opinion on the same set of facts. In that case it was held that:

"The assertion principally pressed by the appellant Armour & Company is that because it obtained the can and contents from a reputable packer and independent contractor it cannot be held responsible for negligence, if any, of such packer. The can in question had been packed by an Argentine corporation under an agreement with this defendant, was sold by the packer to a second Argentine corporation, rather significantly entitled 'Frigorifico Armour de la Plata,' and by the latter to Armour & Company, an Illinois corporation. It bore, only, a label which conspicuously displayed on each of the four sides of the can, 'Armour Veribest Products' ('Veribest' being an exclusive trade-mark of Armour & Company), and in small type the words, 'Armour and Company, Foreign Distributors;' it did not give the name of the actual packer. The trial court found, justifiably, that the ordinary, reasonable person reading this

label would have inferred that Armour & Company was the packer of the product. These facts are sufficient to render applicable the rule expressed by the American Law Institute in its Restatement of the Law of Torts (section 270, Tentative Draft No. 5) as follows: 'One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.' By putting a chattel out as his own product he induces reliance upon his care in making it; therefore, he is liable if, because of some negligence in its fabrication or through lack of proper inspection during the process of manufacture, the article is in a dangerously defective condition which he could not discover after it was delivered to him. The rule applies only where the chattel is so put out as to lead those who use it to believe that it is the product of him who puts it out, but the fact that it is sold under the name of the person selling it may be sufficient to induce such a belief."

In the Connecticut case the can was marked "Armour's Veribest Products Corned Beef," without designating the name of the packer which would be analogous to the tradename imprinted on the can of the present case. The court gave a judgment for the plaintiff against A. & P. Company who sold the goods to the consumer on the theory of implied warranty and also rendered a judgment against Armour & Company on the theory of negligence, even though Armour & Company did not manufacture but bought from a canning concern.

The reasons set forth in the Connecticut case seem to me to be sound and logical, and being on all fours with the case at bar, judgment is, therefore, rendered in favor of the plaintiff for $100.