## TEXAS COCA-COLA BOTTLING CO., Inc., v. KUBENA.

### No. 1503.

Court of Civil Appeals of Texas. Eastland.

Jan. 10, 1936.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Harris & Sentell, of Snyder, for appellee.

FUNDERBURK, Justice.

The judgment of the court below from which the appeal is prosecuted is one overruling the plea of privilege of appellant Texas Coca-Cola Bottling Company, a corporation, to be sued in Taylor county, the place of its domicile. The exception to the general rule of venue relied upon as such general rule and several exceptions are prescribed in R.S. 1925, art. 1995, was that providing in part that "suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose." Subdivision 23. The parties seem to agree that the correctness of the trial court's action is dependent upon whether or not there was any evidence of negligence. Explanatory of this statement it may be remarked that appellee, in addition to allegations of negligence, alleged an implied warranty and breach thereof as a basis of recovery. The decision of this court in Dunn v. Texas Coca-Cola Bottling Co., 84 S.W.(2d) 545, 548, was to the effect that upon a similar state of facts no cause of action existed upon an implied warranty. That conclusion is equally applicable to this case.

It is believed that the venue facts necessary to be proved under said exception 23 (the one here considered) are: (1) That defendant is a private corporation (association or joint-stock company); (2) that plaintiff has a cause of action as alleged; (3) that such cause of action, or a part thereof, arose in the county where the suit is brought. Compton v. Elliott (Tex.Com. App.) 88 S.W.(2d) 91, 92. The certified questions answered in the case cited had reference to exception 9 providing that "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed," etc. The suit was based upon a crime, and

it was held that the venue facts were, (1) the crime or offense was committed, and (2) that it was committed in the county where the suit is pending. It would seem that if it be necessary to prove all elements of a crime as a part of the proof that the crime was committed in a particular county, it will be equally necessary to prove all elements of a cause of action as a part of the proof that the cause of action, or a part thereof, arose in a particular county.

The effect of the holding in the Compton v. Elliott Case, supra, is that it is not sufficient to show by the evidence that a transaction which is alleged to constitute a crime or offense occurred in the county where the suit is pending, but must go far enough to show that such transaction was a crime or offense. Just so, we think, in this case, it was not sufficient to show by the evidence that a transaction alleged to constitute a cause of action occurred (arose) in whole or in part in the county where the suit was pending, but must include evidence to show that the transaction constituted a cause of action. Any attempted distinction we think would be hairsplitting and without any solid foundation in principle.

■ Was there any evidence of negligence? Certain acts and omissions were alleged to have been negligence. That was sufficient as a matter of pleading to tender two issues based upon each act or omission, namely, whether there was such act or omission, and second, if so, whether such act or omission was negligence. The alleged acts and omissions are summarized in appellant's brief as follows: (a) "* * * putting the bottle of Coca-Cola on the market with a dead mouse therein." (b) "* * * filling, capping and putting the bottle of Coca-Cola on the market without having first removed from said bottle the mouse." (c) "* * * failing to sterilize the bottle before refilling." (d) "* * * failing to properly inspect the bottle after it was filled and capped." (e) "Putting the bottle of Coca-Cola on the market without knowing same to be fit for human consumption." It cannot be seriously contended, we think, that there was no evidence to show that appellant put the bottle of Coca-Cola on the market with a dead mouse in it, or that it failed properly to inspect the bottle after it was filled and capped. The real question is, granting the occurrence of the acts and omissions alleged, or at least one of them, was there any evidence to show that they or it was negligent? "Negligence," said the Supreme Court in Texas & P. Ry. Co. v. Murphy, 46 Tex. 356, 366, 26 Am.Rep. 272, and again in Rowland v. Murphy, 66 Tex. 534, 1 S.W. 658, 659, "in one sense, is a quality attaching to acts dependent upon, and arising out of, the duties and relations of the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches by virtue of such duties and relations." The same would be just as true, of course, of omissions as of acts where the former instead of the latter were alleged to be negligence. It would not be true at all to say that proof of the acts or omissions is never any. evidence of negligence. It may or may not be, depending upon the nature of, and circumstances under which, the acts' or the omissions occur. As proof of negligence, the act or omission may range all the way from very slight evidence to the most conclusive. In Dunn v. Texas Coca-Cola Bottling Co., supra, we reached the conclusion that: "If the appellee in bottling its Coca-Cola with the purpose and intention that it be sold for human consumption so prepared and marketed it that it contained pieces of broken glass, such facts alone, if they did not compel, would, * * * certainly warrant an inference of negligence." The same character of evidence is disclosed by the record in this case and leads to a like conclusion.

Whether the inference which supplies the proof or evidence of negligence arises alone from the operation of the principle of res ipsa loquitur we need not determine. It is sufficient if the facts give rise to the inference. In the following cases, it was held in some, and implied or assumed in others, that evidence showing that a manufacturer of food, beverages, tobacco, etc., selling in closed containers a 'product for human consumption, containing substances dangerous to health, warranted, upon the principle of res ipsa loquitur, an inference of negligence: Rosenswaike v. Interborough Rapid Transit Co. (Sup.) 175 N.Y. S. 828 (glass in potato served by defendant); Ternay v. Ward Bak. Co. (Sup.) 167 N.Y.S. 562 (particles of glass in bread); Freeman v. Schultz Bread Co., 100 Misc. 528, 163 N.Y.S. 396 (nail in bread; res ipsa loquitur held to apply by proof it was in bread when it left the baker); Chaproniere v. Mason, 21 Times L.Rep. (Eng.) 633 (stone in bun); Pillars v. R. J.

Reynolds Tobacco Co., 117 Miss. 490, 78 So. 365 (human toe in tobacco); Jackson Coca Cola Bottling Co. v. Chapman, 106 Miss. 864, 64 So. 791 (mouse in Coca-Cola); Hertzler v. Manshum, 228 Mich. 416, 200 N.W. 155 (arsenate of lead in sack of flour); De Groat v. Ward Bak. Co., 102 N.J.Law, 188, 130 A. 540 (electric light bulb in a loaf of bread); Tonsman v. Greenglass, 248 Mass. 275, 142 N.E. 756 (piece of iron in loaf of bread); Chysky v. Drake Bros. Co., 192 App.Div. 186, 182 N.Y.S. 459 (nail or piece of iron in a cake); Carroll v. New York Pie Bak. Co., 215 App.Div. 240, 213 N.Y.S. 553 (cockroaches in pie); Sullivan v. Manhattan Market Co., 251 Mass. 395, 146 N.E. 673 (mouse in pie); Kenney v. Wong Len, 81 N.H. 427, 128 A. 343 (mouse in chicken dressing); Drury v. Armour & Co., 140 Ark. 371, 216 S.W. 40; Armour & Co. v. Drury, 146 Ark. 310, 226 S.W. 133 (diseased meat in sausage); Richenbacher v. California Packing Corporation, 250 Mass. 198, 145 N.E. 281 (glass in canned spinach); Ward v. Great A. & P. Tea Co., 231 Mass. 90, 120 N.E. 225, 5 A.L.R. 242 (obiter—pebbles in canned pork and beans); Rost v. Kee & C. Dairy Co., 216 Ill.App. 497 (glass in bottled milk); Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657 (thousand leg in bottle of Whistle); Boyd v. Coca Cola Bottling Works, 132 Tenn. 23, 177 S.W. 80 (cigar stub in bottle of Coca-Cola); Bradfield v. Atlanta Coca-Cola Bottling Co., 24 Ga.App. 657, 101 S.E. 776 (glass in bottle of Coca-Cola); Goldman & F. Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866 (glass in bottle of Whistle); Watson v. Augusta Brewing Co., 124 Ga. 121, 52 S.E. 152, 1 L.R.A. (N.S.) 1178, 110 Am.St.Rep. 157 (glass in bottle soda water); Jackson Coca-Cola Bottling Co. v. Grubbs, 143 Miss. 590, 108 So. 732 (glass in Coca-Cola); Coca-Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 88 So. 36 (mouse in bottle of Coca-Cola); Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22 (mouse in bottle of Coca-Cola); Martin v. Waycross Coca-Cola Bottling Co., 18 Ga.App. 226, 89 S.E. 495 (mouse in bottle of Coca-Cola); Crigger v. Coca-Cola Bottling Co., 132 Tenn. 545, 179 S.W. 155, L.R.A. 1916B, 877, Ann.Cas. 1917B, 572 (mouse in bottle of Coca-Cola); Jackson Coca-Cola Bottling Co. v. Renna (Miss.) 97 So. 674 (spider in bottle of Coca-Cola); Rudolph v. Coca-Cola Bottling Co., 132 A. 508, 4 N.J.

Misc. 318 (piece leather strap in bottle of Coca-Cola); R. J. Reynolds Tobacco Co. v. Loftin (Miss.) 99 So. 13 (snake in tobacco); Minutilla v. Providence Ice Cream Co., 50 R.I. 43, 144 A. 884, 63 A.L.R. 334 (glass in ice cream); Bourcheix v. Willow Brook Dairy, 268 N.Y. 1, 196 N.E. 617, 98 A.L.R. 1492 (glass in ice cream). All the cases cited are to be found in one or both of the notes in 4 A.L.R. p. 1559, and 47 A.L.R. p. 148, and subsequent annotations.

Although there are authorities which deny the operation of the principle of res ipsa loquitur in such cases, we think the weight of authority expressing the view set forth in the foregoing cited cases is at least to the effect that the acts or omissions alleged to constitute negligence may in themselves give rise to an inference of negligence thereby raising an issue of fact as to whether such acts or omissions constituted negligence.

Being therefore of the opinion that the court correctly overruled the plea of privilege and that its judgment should be affirmed, it is accordingly so ordered.