MONICA D. KELLY, Respondent, *v.* WEGMAN'S FOOD MARKETS, INC., Appellant.

Fourth Department, November 19, 1941.

*William Macfarlane,* for the appellant.

*William H. Tompkins,* for the respondent.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs, on the ground that the finding that the rat was in the bag of tea at the time it was delivered to plaintiff is contrary to the evidence.

All concur. TAYLOR, J., in result in an opinion, except HARRIS, J., who dissents and votes for affirmance in an opinion. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

TAYLOR, J. (concurring). This is an appeal from a judgment and order, entered upon a jury verdict, awarding plaintiff $200 damages for personal injuries resulting, as alleged in her complaint, from defendant's negligence and breach of warranty.

According to plaintiff's testimony she entered defendant's self-serve grocery department on Saturday, July 27, 1940, obtained a shopping basket and picked out various articles. Finding the tea shelf empty, she asked one of the clerks for a half pound of tea which the clerk brought to her in an ordinary paper bag as she stood at the counter where the cashier checked the items and received payment therefor. Upon the store manager's offer to have her purchases delivered, plaintiff left them in the basket and later that afternoon the articles were delivered to her home. Because some tea remained in her tea canister, she did not transfer the new tea to the canister but placed the bag in the cupboard, where it remained until two days later when, having used up the old tea, she emptied the contents of the paper bag into the canister. She detected no offensive odor and saw no foreign substance at the time. About noon on the following day she took the canister from the cupboard, removed the cover, inserted her hand and grasped the decomposed body of a rodent — either a small rat or a large mouse. She immediately dropped it back into the canister, replaced the cover and took it to the garage. Upon the trial she identified the canister, the tea and a glass fruit jar containing the rodent in formaldehyde, all of which were received in evidence as exhibits.

While the jury was authorized, on plaintiff's testimony, to find that the rodent's body was in the canister when plaintiff removed the cover three days after she bought the tea, the essential fact — which plaintiff was required to establish by a fair preponderance of evidence — was that the rodent was in the bag of tea when delivery was made. This she failed to do. She paid no attention while pouring the tea into the canister, and the evidence fails to show either that the paper bag was securely closed during the days that it was in plaintiff's possession or that the canister was kept tightly covered. The record contains no evidence pertaining to the weight of either the rodent or the tea. Inspection of the exhibits, however, strongly indicates that the rodent would weigh from two to four ounces and that the tea remaining in the canister would be but little less — if any — than half a pound. The probabilities are that the defendant would not — and did not — deliver to plaintiff more than the half pound of tea for which she paid, which would be the case if the rodent were included as a part of the half pound. While the jury could reject the testimony of defendant's employees tending to establish that the bag, when delivered to plaintiff, contained only tea, plaintiff's testimony shows only that the presence of the rodent in the canister might be due to defendant's fault. The contrary inference is both fair and reasonable. Under such circumstances plaintiff was not entitled to a recovery. (*Scharff* v. *Jackson*, 216 N. Y. 598; *Bourcheix* v. *Willow Brook Dairy, Inc.*, 268 id. 1, 7. See, also, *Ingersoll* v. *Liberty Bank of Buffalo*, 278 id. 1, 8.)

I am, therefore, of the opinion that the jury's finding, whether based upon negligence or upon breach of warranty, is contrary to and against the weight of evidence.

I am also of the opinion that plaintiff failed to establish any legal damage. Her testimony is that, when she grasped the rodent, she thought that she was " almost paralyzed," that the whole day she was " upset all inside " and very sick, that for a week thereafter she did not sleep as well as usual, and that since the occurrence she has not been able to drink tea. Plaintiff was not caused to vomit and she continued to perform her household duties as usual. Immediately upon returning from the garage where she had left the tea canister and contents she reported the occurrence to defendant's store manager by telephone. Shortly thereafter she escorted the clerk who had waited on her to the garage and showed him the rodent. Later in the same day, when defendant's store manager brought her other tea, she also showed him the rodent. The following day she visited her lawyer and, at his suggestion, she both caused the rodent to be preserved in

formaldehyde and consulted a physician. She offered no medical testimony to show that she suffered nervous shock or any physical injury. Her testimony indicates that, as a consequence of her experience, she suffered an emotional disturbance — a combination of disgust and anger — which was unaccompanied by consequent substantial bodily illness. " Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it be the direct result of the careless act." (LEHMAN, J., now Chief Judge, in *Comstock* v. *Wilson*, 257 N. Y. 231, 235. See, also, *Freedman* v. *Eastern Massachusetts Street R. Co.*, 299 Mass. 246; 12 N. E. [2d] 739; *Legac* v. *Vietmeyer Bros., Inc.*, 7 N. J. Misc. 685; 147 A. 110.)

In the case of *Carroll* v. *New York Pie Baking Co.* (215 App. Div. 240), upon which respondent chiefly relies, the plaintiff was made seriously ill from eating repulsive and nauseating food that was prepared by defendant and intended for immediate consumpsion, whereas in our case we have an entirely different factual situation, to which the *Carroll* case is inapplicable.

The judgment and order denying a new trial should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

HARRIS, J. (dissenting). I dissent and vote for an affirmance of the judgment and order, with costs.

The plaintiff testified that when she received the paper bag containing the tea she put it on a shelf in the cupboard and later transferred the contents to the tea canister and at the time she made the transfer the canister was empty. This fact, if believed by the jury, in connection with her other testimony and that of the defendant's clerk, was sufficient to support a finding by the jury that the offensive object was in the tea at the time that it was delivered to her by the defendant's employee.

As to her damage, the plaintiff testified that at the time she pulled her hand out of the canister and found the maggots and the portion of rat she was " almost paralyzed," was made " dreadfully sick to my stomach " and was " upset all inside;" subsequent thereto she lost sleep and the desire to drink tea. Bearing in mind that the senses of sight, smell and taste are used in the enjoyment of food and drink, it is fair to conclude that the offensive substance contained in the tea disturbed some or all of such senses to the physical detriment of the plaintiff. The jury could find and apparently did find that such a disturbance was not emotional

but was a physical distress due to the offense of sight, smell and taste or some of these senses. A cause of action was made out in favor of the plaintiff and the recovery should be sustained. (See *Bohan* v. *Port Jervis Gas Light Co.*, 122 N. Y. 18, *Carroll* v. *New York Pie Baking Co.*, 215 App. Div. 240; *Foley* v. *Liggett & Myers Tobacco Co., Inc.*, 136 Misc. 468, 471; *Freedman* v. *Eastern Massachusetts Street R. Co.*, 299 Mass. 246.)