MARY LEWIS AND MENDUM LEWIS, PLAINTIFFS-APPEL-LEES, v. V. LAROSA & SONS, INC., A CORPORATION, AND SAMUEL GINSBURG, DEFENDANTS-APPELLANTS.

Submitted May 5, 1942—Decided June 30, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellants, *Edward J. Santoro* (*John P. Romer,* of counsel).

For the appellees, *Israel E. Mischel.*

The opinion of the court was delivered by

PERSKIE, J.   The question for decision in this case is whether the trial judge erred in refusing to grant defendants' motions for a nonsuit and for a directed verdict.

Plaintiff commenced her action against V. LaRosa & Sons, Inc., the manufacturer of a certain type of macaroni, and against one, Samuel Ginsburg, a retail merchant who sold the macaroni.   Damages were sought for injuries sustained by plaintiff when she bit into a bolt allegedly found in the macaroni.   The case was tried before a jury in the Second District Court of Jersey City and at the conclusion of the evidence a verdict in the amount of $50 was returned in favor of plaintiff and against the defendant manufacturer. The jury found no cause of action against the individual defendant.   The corporate defendant has appealed from the judgment entered on the verdict against it, assigning as error the refusal of the trial judge to grant its motions for a nonsuit and to direct a verdict in its favor.

We find no merit to the appeal. The presence of a foreign substance in food, raises, as against the manufacturer, an inference of negligence. *Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91, 95, 96; 172 *Atl. Rep.* 519; *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188; 130 *Atl. Rep.* 540. And notwithstanding the defendant's contention that the bolt in question may have come from the pots used, or from other ingredients plaintiff mixed with the macaroni in cooking it, there is evidence that the "rusty bolt" was "right in the [macaroni] shell." Defendant's proof of the care it used merely created a question for the jury. And since there is evidence in support of the verdict we cannot reverse. *Terminal Cab Co.* v. *Mikolasy,* 128 *N. J. L.* 275; 25 *Atl. Rep.* (2d) 253; *Greenberg* v. *Feather,* 124 *N. J. L.* 469; 12 *Atl. Rep.* (2d) 241; *Smigielski* v. *Nowak,* 124 *N. J. L.* 235; 11 *Atl. Rep.* (2d) 251; *Sansone* v. *Selvaggi,* 121 *N. J. L.* 274; 2 *Atl. Rep.* (2d) 355; *N. J. S. A.* 2:32-202.

Accordingly, the judgment is affirmed, with costs.