MARY F. COPELAND, Respondent, *v.* F. W. WOOLWORTH COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May 2, 1946.

*Richard J. Relyea, II,* and *E. C. Sherwood* for appellant.

*Hampton H. Gill* for respondent.

MEMORANDUM *Per Curiam.* The plaintiff claims that as she ate two spoonfuls of mince pie furnished to her by defendant she noticed the pie did not look or taste good and had a bad odor, and then she came upon a nail (Exhibit 1, one and one-quarter inch wire nail) imbedded in the mince meat and the repulsive condition nauseated her and made her ill. The Trial Justice found for and awarded plaintiff $50.

Reliance can not be had by either party, on *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107) or *Comstock* v. *Wilson* (257 N. Y. 231) for fright, or upon *Stubbs* v. *City of Rochester* (163 App. Div. 245, which was again on appeal in 174 App. Div. 904, revd. 226 N. Y. 516) for causal connection which there was furnished by the testimony of doctors, or upon the case on which plaintiff here mainly relies, *Carroll* v. *New York Pie Baking Co.* (215 App. Div. 240) for repulsive condition. In the latter case the foreign substance consisted of " several cockroaches * * * imbedded in the bottom crust of the pie. They were crushed to such an extent that they * * * resembled butterflies." While there is obvious similarity in plaintiff's testimony to the facts and observations ·in the *Carroll* decision (*supra*), the inference that a nail in pie is a repulsive condition similar to crushed cockroaches, is unwarranted. The metal nail can not be regarded in the same category as dead cockroaches which are subject to putrefaction.

The judgment should be reversed, with $30 costs, and judgment directed for defendant dismissing the complaint on the merits, with costs.

HAMMER, EDER and HECHT, JJ., concur.

Judgment reversed, etc.