Yetta Uffner, Plaintiff, *v.* Campbell Soup Company et al., Defendants.

Municipal Court of City of New York, Borough of Manhattan, October 5, 1954.

*Louis Schachter* for plaintiff.

*Breed, Abbott & Morgan* for Leon Shapiro, doing business under the name of Brod-Way Dairy, defendant.

Carney, J. The summons in this case contained two causes of action. Action No. 1 was against both defendants for personal injuries sustained by the plaintiff due to the negligence of the defendant in the manufacture and sale of a can of soup containing a dead fly. Action No. 2 was against defendant Shapiro for breach of warranty of the fitness of food arising out of the said sale. Plaintiff claimed that while eating the soup she saw the dead fly in her plate, and immediately became nauseous and sick as a result. During trial action No. 1 was dismissed on consent.

After considering all of the evidence and the applicable law, I have come to the conclusion that plaintiff has failed to make out a case. Although I find that the plaintiff became sick (but not to the extent claimed by her), and also find as a fact that there was a dead fly in the soup, it is my opinion that without medical proof, plaintiff has failed to show any connection between the presence of the fly in the food and the alleged illness.

The plaintiff has indicated that the case of *Carroll* v. *New York Pie Baking Co.* (215 App. Div. 240) is authority for her contention that medical proof is not essential under the circumstances here indicated. An examination of the trial record in the *Carroll* case shows that a doctor appeared as a witness for the plaintiff and testified as to the cause of plaintiff's illness, namely, the presence of cockroaches in the pie crust, the sight

of which, in the doctor's opinion, caused psychic reaction in the plaintiff with resultant nervous gastritis.

The *Copeland* v. *Woolworth* case (187 Misc. 456) was a case where plaintiff claimed that she was made nauseous and vomited, when she saw a nail in a piece of mince pie she was eating in defendant's store. No doctor was produced, but judgment was rendered for plaintiff for $50. Upon appeal, the Appellate Term reversed on the ground that there was no causal connection shown between the presence of the nail in the pie and plaintiff's claimed illness.

An examination of the cases of *Willis* v. *Safeway Stores* (199 Misc. 821) and *Weinberg* v. *Doelger Brewing Co.* (174 N. Y. S. 69), indicates that in both cases the Appellate Term reversed judgments for the plaintiff for the same reasons as indicated above, namely, no proof of the causal relationship between the alleged foreign substance and the claimed illness.

For all of the above reasons, the complaint is dismissed on the merits.